DOERTER, Appellant,

v.

BLUFFTON COLLEGE, Appellee.

[Cite as *Doerter v. Bluffton College* (1994), 98 Ohio App.3d 95.]

Court of Appeals of Ohio,
Allen County.

No. 1–94–49.

Decided Dec. 12, 1994.

*Bruce C. French,* for appellant.
*Doreen Canton,* for appellee.

---

SHAW, Presiding Judge.

Plaintiff-appellant, Marilyn A. Doerter, appeals from the decision of the Allen County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Bluffton College, on plaintiff's complaint alleging sex, age, and religious discrimination.

In 1992, defendant sought applicants for the position of Assistant Dean for Continuing Studies at Bluffton College who would be responsible for the imple-

mentation and development of a new degree completion program in organizational management known as "Bcomp." Plaintiff interviewed for the position and was hired by Dean William Hawk on April 16, 1992. On May 1, 1992, plaintiff accepted her offer, and she commenced her employment on June 1, 1992. On September 8, 1992, plaintiff signed a one-year contract with defendant, the terms of which were effective from September 1, 1992 through August 31, 1993.

On February 3, 1993, plaintiff was orally notified by her superior, Dean William Hawk, that due to her unsatisfactory job performance, her contract with Bluffton College would not be renewed. On April 30, 1993, Dean Hawk wrote a memorandum to the plaintiff formally notifying her that her contract would not be renewed. The memorandum also set forth the reasons behind the non-renewal of plaintiff's contract. In short, Dean Hawk stated that he recommended that plaintiff's contract not be renewed because she had failed to work closely with the faculty, failed to recruit program faculty and failed to develop the organizational, communication and management skills which were necessary to perform the position.

On March 1, 1994, plaintiff filed an amended complaint in the Allen County Court of Common Pleas, alleging that her termination was based on gender, age, and religious discrimination on the part of defendant. On May 16, 1994, defendant filed its motion for summary judgment in the trial court. On July 12, 1994, the trial court granted summary judgment in favor of defendant and dismissed the plaintiff's action.

Thereafter, plaintiff brought the instant appeal, asserting the following three assignments of error:

"I. The trial court erred in sustaining defendant's motion for summary judgment in light of the existence of genuine issues of material fact concerning the defendant college's articulated and alleged legitimate, nondiscriminatory grounds for the nonrenewal of the plaintiff's administrative contract.

"II. The trial court erred in striking two affidavits submitted by the plaintiff of a professional colleague and the college dean's secretary in opposition to the defendant's motion for summary judgment.

"III. The trial court erred in failing to recognize the composite gender/age/religious discrimination claim presented by the plaintiff against the defendant Mennonite college."

As all three of plaintiff's assignments of error are related, they will be discussed together. In substance, plaintiff argues that Dean Hawk's assessment that she was not performing her job to his satisfaction constituted a pretext for gender, age, and religious discrimination in violation of the Ohio Fair Employment Practices Act. Moreover, plaintiff claims that because she subjectively

believed her job performance to be satisfactory, an opinion which was contrary to that of her superior Dean Hawk, a genuine issue of material fact exists for trial.

In support of these allegations, plaintiff stated in her deposition that Dean Hawk acted differently toward women of his own age or younger and that he appeared to be "more comfortable" in a male environment. Plaintiff further stated that she believed she was deliberately excluded from various committee meetings and that she felt that Dean Hawk treated her in an "unfriendly" and "strict businesslike" manner. In spite of these claims, plaintiff did acknowledge the existence of a communication problem and possible personality conflict between Dean Hawk and herself.

■ In order for plaintiff to establish a prima facie case of employment discrimination, she must show:

" * * * (1) that [she] was a member of the statutorily-protected class, (2) that [she] was discharged, (3) that [she] was qualified for the position, and (4) that [she] was replaced by, or [her] discharge permitted the retention of, a person who did not belong to the protected class." *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 148, 6 OBR 202, 203, 451 N.E.2d 807, 809; see, also, *McDonnell Douglas v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668; *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civil Rights Commission* (1981), 66 Ohio St.2d 192, 20 O.O.3d 200, 421 N.E.2d 128; *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 591 N.E.2d 752.

■ Once plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for plaintiff's discharge. After the employer has articulated a legitimate nondiscriminatory reason for plaintiff's discharge, " * * * plaintiff must counter and prove by a preponderance of the evidence that the reasons which defendant articulated for the firing were merely a pretext for unlawful discrimination." *Barker, supra,* 6 Ohio St.3d at 148, 6 OBR at 203, 451 N.E.2d at 809.

■ At the outset, we should point out that the plaintiff in the case *sub judice* was employed under a one-year contract and that plaintiff was not terminated during the term of that contract. Instead, defendant exercised its right not to renew plaintiff's contract for an additional one-year term. Thus, plaintiff was never actually discharged. Moreover, while Dean Hawk chose to set forth his reasoning behind the non-renewal of plaintiff's contract, he certainly was not compelled by law to do so. See *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 103, 19 OBR 261, 263, 483 N.E.2d 150, 153.

■ With respect to plaintiff's claim of sex discrimination, upon review of the record including plaintiff's deposition and affidavits, we find that plaintiff has

failed to make out a prima facie case of sex discrimination. There is no dispute that plaintiff was replaced by a woman, a member of plaintiff's own protected class. Thus, plaintiff has failed to establish an essential element of a sex discrimination claim, namely that she was replaced by a person not within the protected class. *Republic Steel Corp. v. Hailey* (1986), 30 Ohio App.3d 103, 30 OBR 202, 506 N.E.2d 1215.

In addressing plaintiff's claims of age and religious discrimination, we find that even assuming *arguendo* plaintiff can establish her prima facie case as to each claim, there is insufficient evidence from which any rational trier of fact could conclude that defendant's articulated reasons for the non-renewal of plaintiff's contract were pretextual. There is no dispute in the record that plaintiff's superior Dean Hawk was dissatisfied with her job performance. As we have previously noted, Dean Hawk specifically set forth the reasons why he recommended that plaintiff's contract not be renewed. In general, Dean Hawk was of the opinion that plaintiff lacked the skills necessary to successfully lead the "Bcomp" program at Bluffton College. In addition, Dean Hawk stated that plaintiff had failed to communicate effectively with him and that there was an overall "poor fit" between plaintiff and Bluffton College. Moreover, plaintiff herself acknowledged that communication problems existed between her and Dean Hawk.

In short, upon our review of the record, including our independent consideration of the affidavits of Wayne Gilpin and Jan Miller, which were stricken by the trial court, we find that plaintiff has presented no evidence which would allow a rational trier of fact to conclude that defendant's articulated reasons for the non-renewal of plaintiff's contract were less than genuine. Thus, no genuine issues of material fact exist regarding whether defendant's articulated reasons for the non-renewal of plaintiff's contract were a pretext for age or religious discrimination.

In summary, because we agree with the trial court's holding that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law, all three of plaintiff's assignments of error are overruled and the judgment of the Allen County Court of Common Pleas is affirmed. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

*Judgment affirmed.*

THOMAS F. BRYANT and EVANS, JJ., concur.