CSEJPES, Appellant,

v.

CLEVELAND CATHOLIC DIOCESE et al., Appellees.

[Cite as *Csejpes v. Cleveland Catholic Diocese* (1996), 109 Ohio App.3d 533.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68717.

Decided Feb. 26, 1996.

*Alan I. Goodman,* for appellant.

*Quandt, Giffels & Buck, Jeff Schenk, Timothy L. Kerwin* and *Beth A. Sebaugh,* for appellees.

KARPINSKI, Judge.

Plaintiff-appellant Sally Csejpes appeals from an order of the trial court granting summary judgment in favor of defendants-appellees Cleveland Catholic Diocese and Saint Mary's Parish.

On April 29, 1993, Csejpes filed a complaint against the diocese and St. Mary's in the trial court, alleging that her annual teaching contract was not renewed on May 5, 1992, because of handicap and age discrimination. Csejpes alleged that she was fifty-eight years of age and that her two artificial knee replacements rendered her a disabled person. Csejpes also alleged that she was denied continuing group health insurance coverage. The diocese and St. Mary's filed a joint answer denying the allegations and raised various affirmative defenses.

The diocese and St. Mary's filed a joint motion for summary judgment supported by the deposition testimony of Csejpes and affidavits of St. Mary's principal, Marcia Mlachak, and Pastor John Kumse. Mlachak and Kumse stated they made a joint decision not to renew Csejpes's employment for another year. Mlachak cited performance reasons, whereas Kumse gave both economic and performance reasons. The motion for summary judgment argued that Csejpes had not timely filed her age discrimination claim, had not presented sufficient evidence to establish a prima facie case of discrimination, and was not entitled to continuing health insurance benefits for the period claimed.

Csejpes filed a brief in opposition to the motion for summary judgment supported by her own affidavit, performance evaluations, and the deposition testimony of Principal Mlachak. Csejpes does not dispute that St. Mary's was forced to reassign teaching positions for economic reasons, but argued that the action against her was discriminatory. The eighth grade teaching position was initially given to and accepted by a teacher who had been a substitute for

Csejpes. When he later changed his mind, the position was then offered to a teacher who had taught other grades at St. Mary's while Csejpes was employed there.

The diocese and St. Mary's filed a joint reply brief in support of their motion for summary judgment. In an order journalized October 13, 1994, the trial court granted partial summary judgment on Csejpes's discrimination claims. Her remaining claim concerning continuing health insurance benefits was not adjudicated in this entry.

Csejpes moved for leave to file an amended complaint in order to assert a claim for wrongful discharge arising from the same allegations. After the diocese and St. Mary's filed a brief in opposition, the trial court denied Csejpes's motion to file an amended complaint. Csejpes thereafter dismissed her remaining claim with prejudice and filed this appeal raising three assignments of error.

Csejpes' first assignment of error follows:

"The lower court erred in granting summary judgment on the basis that plaintiff's claims of age discrimination were barred by the 180 day statute of limitations contained in Ohio Revised Code 4112.02(N)."

This assignment of error lacks merit.

Csejpes concedes on appeal that her claim for age discrimination was not timely filed within one hundred eighty days of the alleged discrimination and is therefore barred by R.C. 4112.02(N). *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 634 N.E.2d 608.

Accordingly, Csejpes's first assignment of error is overruled.

Csejpes's second assignment of error follows:

"The court erred in granting summary judgment on the basis that there was no question of fact as to whether the appellee's [*sic*] decision not to renew her contract was at least in part related to her handicap."

Csejpes argues the trial court improperly granted summary judgment for the diocese and St. Mary's on her claim that her teaching contract was not renewed because she had two artificial knees.

■ To establish a prima facie claim of handicap discrimination to defeat a motion for summary judgment, Csejpes must present evidence to establish a genuine issue of material fact concerning whether (1) she is handicapped, (2) adverse action was taken by her employer, at least in part, because she was handicapped, and (3) even though she is handicapped, she can safely and substantially perform the essential functions of the job with reasonable accommodations. Ohio Adm.Code 4112–5–02. *Cox v. Commercial Parts & Serv.* (1994),

96 Ohio App.3d 417, 423, 645 N.E.2d 123, 126; *Jones v. BancOhio Natl. Bank* (Sept. 30, 1993), Franklin App. No. 93AP–246, unreported, at 6, 1993 WL 393842, citing *Hazlett v. Martin Chevrolet, Inc.* (1986), 25 Ohio St.3d 279, 25 OBR 331, 496 N.E.2d 478.

Ohio Adm. Code 4112–5–02(H) defines "[h]andicapped person" to include "any person who presently has a handicap as defined by division (A)(13) of section 4112.01 of the Revised Code or any person who has had a handicap as defined by division (A)(13) of section 4112.01 of the Revised Code, who no longer has any functional limitation, but who is treated by a respondent as having such a handicap, or any person who is regarded as handicapped by a respondent."

R.C. 4112.01(A)(13) defines the term "handicap" as follows:

" 'Handicap' means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or impairment; or being regarded as having a physical or mental impairment."

Plaintiff has stated that she has arthritis, for which she has had two knee replacements. In an affidavit, plaintiff stated that "after her second knee operation there were times that she needed a cane but generally speaking she was unable to get around unaided. After she returned from her rotator cuff surgery, she was required to wear a sling * * *." In the brief in support of their motion for summary judgment, defendants said, "It is not material whether plaintiff is considered a member of the protected handicap group under the statute because she fails to establish the second element of the *prima facie* case, that she was 'discharged' as contemplated by the statute." Since defendants do not argue to the contrary, it appears that defendants concede that plaintiff is handicapped. Moreover, since defendants also have not articulated a belief that plaintiff cannot safely and substantially perform the essential functions of the job, it appears that the third element of the prima facie case is also conceded, that is, that she is a "qualified handicapped person." Ohio Adm.Code 4112–5–02(K).

Defendants argue, rather, that an employee does not have a claim for discriminatory discharge where, as here, the teacher's one-year contract was not renewed. In support, defendants mistakenly cite *Cameron v. Bd. of Edn. of Hillsboro, Ohio School Dist.* (S.D.Ohio 1991), 795 F.Supp. 228, claiming the "*Cameron* court refused to equate 'wrongful discharge' with 'nonrenewal.' " The *Cameron* court made this distinction, however, regarding a claim for breach of contract, which is quite different from a charge of discrimination. In a wrongful discharge claim the issue is whether an employee had a property right in the job. Csejpes did not, because her contract had expired. In a case alleging a civil

rights violation, however, the issue is whether her rights as a member of a protected class were violated when the school failed to renew her contract.

Moreover, in *Cameron,* the appellate court reversed the trial court's summary judgment ruling in favor of the employer as to her Title VII violation because there were genuine issues as to the *reasons* behind the teacher's nonrenewal, not because the action taken was a nonrenewal rather than a discharge. Since a civil rights charge can arise from hiring as well as from termination processes, that her contract was at a renewal stage was not critical to her prima facie case. All that is necessary to show is that her employer took an action adverse to her employment.

Defendants also cite the Allen County case of *Doerter v. Bluffton College* (1994), 98 Ohio App.3d 95, 647 N.E.2d 876. In *Doerter,* however, the appellate court affirmed summary judgment for the employer because "plaintiff has presented no evidence which would allow a rational trier of fact to conclude that defendant's articulated reasons for the non-renewal of plaintiff's contract were less than genuine."[1] This statement implies a standard to use is whether defendant articulated genuine reasons for nonrenewal. The *Doerter* court further confused the issue by relying upon *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 103, 19 OBR 261, 263–264, 483 N.E.2d 150, 153–154, which involved the wrongful discharge of an employment-at-will worker; but was not a civil rights case. R.C. 4112.02 states:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, *or any matter directly or indirectly related to employment.*" (Emphasis added.)

Clearly, the statute does not limit claims of discrimination to wrongful discharge. We therefore reject defendants' argument that a nonrenewal fails to qualify as a civil rights violation as a matter of law. Under the circumstances, Csejpes has presented sufficient evidence to establish a prima facie claim of handicap discrimination.

The "establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207, 216. Once the prima facie case is made, the burden of producing an

---

1. It is true that the court stated that a nonrenewal is not a discharge. The court, however, did not reach the next level of discussion.

explanation to rebut the prima facie case shifts to the defendant. Since a prima facie case has been made, the defendant must produce evidence that the adverse employment action, that is, her nonrenewal, was taken "for a legitimate, nondiscriminatory reason." *Burdine, supra.*

" '[T]he defendant must clearly set forth, through the introduction of admissible evidence,' reasons for its actions which, *if believed by the trier of fact,* would support a finding that unlawful discrimination was not the cause of the employment action. [*Burdine, supra,* 450 U.S.] at 254–255, and n. 8 [101 S.Ct. at 1094–1095, and n. 8, 67 L.Ed.2d at 215–217, and n. 8]. It is important to note, however, that although the *McDonnell Douglas* [*v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668] presumption shifts the burden of production to the defendant, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' 450 U.S. at 253, [101 S.Ct. at 1093, 67 L.Ed.2d at 215]. In this regard it operates like all presumptions, as described in Rule 301 of the Federal Rules of Evidence * * *." *St. Mary's Honor Ctr. v. Hicks* (1993), 509 U.S. 502, 507, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407, 416.

"The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons, will *permit* the trier of fact to infer the ultimate fact of intentional discrimination, [footnote omitted] and the Court of Appeals was correct when it noted that, upon such rejection, "[n]o additional proof of discrimination is *required,*" [*Hicks v. St. Mary's Honor Ctr.* (8th Cir.1992) ] 970 F.2d [487], at 493 (emphasis added)." (Emphasis *sic.*) *Id.* at 511, 113 S.Ct. at 2749, 125 L.Ed.2d at 418–419.

 It is well established that a prima facie case may be overcome by establishing a legitimate nondiscriminatory reason for the action. *Jones v. BancOhio Natl. Bank, supra; Wang v. Goodyear Tire & Rubber Co.* (1990), 68 Ohio App.3d 13, 16–18, 587 N.E.2d 387, 389–391. However, it is questionable whether the diocese and St. Mary's satisfied their burden of presenting evidence of legitimate nondiscriminatory reasons for not renewing Csejpes's contract in this case.

The reasons Csejpes states she was given are not entirely the same as the employer maintains. As noted above, Pastor Kumse and Principal Mlachak stated they made a "joint decision" not to renew Csejpes's teaching contract. Kumse stated the decision was based on "economic and performance considerations," whereas Mlachak cited performance, but not economic, reasons. Csejpes

stated, on the other hand, that Kumse told her that her contract was not renewed only for economic reasons and that no one mentioned performance reasons.

The only economic reason the school offered was that there was a need to consolidate grades. St. Mary's school records show that the school continuously maintained fourteen staff members, including eight full-time homeroom teachers in 1990–1991, 1991–1992, and 1992–1993. The school added a part-time position of teacher assistant in 1992–1993. In 1990 Csejpes taught the only consolidated class (seventh and eighth grades). In 1991 there was one consolidated class (fifth and sixth). In 1992 only the third and fourth grades were consolidated. Thus for the year Csejpes's contract was not renewed, the number of consolidated classes did not change, the number of full-time teachers did not change, but assistance (one part-time position) to the teaching staff was added.

Csejpes's eighth grade teaching job was first offered to a former substitute teacher who was to be newly hired as a full-time teacher and who was not a member of the protected class. The eighth grade teaching position was subsequently offered to a different teacher who had been teaching kindergarten students. The school ultimately hired a replacement kindergarten teacher and a part-time assistant to help teach two consolidated grades.

Csejpes had previously taught consolidated grades at St. Mary's, and defendants have not maintained that she could not handle a double grade. Moreover, it was not the grade Csejpes taught that was consolidated when she left. Because there is nothing in the consolidation plan that required hiring a substitute teacher full time rather than renewing plaintiff's contract, the employer's proffered explanation, therefore, is inadequate. The school ultimately had to hire a replacement for the kindergarten teacher who replaced Csejpes as the eighth grade teacher. The apparent contradiction between the reason offered and the action taken is sufficient to call into question the employer's explanation.

The second reason the employer gave for nonrenewal of Csejpes's contract was "performance." The record shows that Csejpes had approximately thirty years of grade school teaching experience, including two years at St. Mary's, at the time her contract was not renewed. Principal Mlachak's evaluation of Csejpes, based on classroom observation the year before the nonrenewal of her contract, while Csejpes was teaching combined seventh and eighth grades, contained all "excellent" and "acceptable" comments in twenty-one areas. Mlachak subsequently completed a teacher evaluation form concerning Csejpes, approximately four months prior to the nonrenewal of her contract, which again stated that Csejpes was "excellent" or "acceptable" in sixteen areas, but added that Csejpes "needs improvement" in her lesson evaluation methods.

Based on our review of the record, the trial court improperly granted summary judgment for defendants because they failed to show they were entitled to judgment as a matter of law. The Ohio Supreme Court has explained what is required for summary judgment in such cases as follows:

"Regardless of who may have the burden of proof at trial, the burden is upon the party moving for summary judgment to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. The evidentiary material submitted by the movant may be relied upon by the respondent in support of the latter's argument that there is a genuine issue of material fact." *AAAA Enterprises, Inc. v. River Place Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597, paragraph two of the syllabus.

The Franklin County Court of Appeals recently summarized these principles as follows:

"There is no default summary judgment in Ohio; therefore, the burden of establishing that no genuine issue of material fact exists and that judgment should be granted in its favor as a matter of law falls squarely on the defendant, the moving party." *Wooten v. Columbus, Div. of Water* (1993), 91 Ohio App.3d 326, 331, 632 N.E.2d 605, 608.

After viewing all the evidence in the light most favorable to Csejpes in compliance with this standard, this court finds that, the evidence being insufficient to support a summary judgment, a jury should decide whether Csejpes was denied a renewal because of unlawful discrimination.

Accordingly, Csejpes's second assignment of error is sustained.

Csejpes's third assignment of error follows:

"The lower court erred in denying plaintiff's motion to file a second amended complaint."

Csejpes's third assignment of error lacks merit.

■ Csejpes argues the trial court improperly denied a motion to amend her complaint to add an additional claim for wrongful discharge.

■ It is well established that a trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624–625; *Easterling v. Am. Olean Tile Co., Inc.* (1991), 75 Ohio App.3d 846, 850, 600 N.E.2d 1088, 1090–1091;

*Fish v. Coffey* (1986), 33 Ohio App.3d 129, 132, 514 N.E.2d 896, 899. To demonstrate an abuse of discretion, Csejpes must demonstrate more than an error of law and that the trial court's denial of her motion was unreasonable, arbitrary or unconscionable. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co., supra.* Based on our review, Csejpes has failed to demonstrate the trial court abused its discretion.

The record demonstrates Csejpes did not file this particular motion to amend her complaint until approximately twenty months after filing her original complaint, two months following summary judgment on her discrimination claims, and one month prior to the scheduled trial. The belated motion merely sought leave to reassert the identical R.C. Chapter 4112 discrimination claims as the basis for a common-law cause wrongful discharge action. However, this wrongful discharge claim could have been asserted at the outset of the action under existing law on the grounds that her discharge violated a clear public policy set forth in statute.

Moreover, the motion for leave to file the amended complaint was not supported by any evidence to support the new wrongful discharge claim or to indicate how it differed from her discrimination claims. Under the circumstances, Csejpes has failed to demonstrate the trial court abused its discretion by denying her motion to file a second amended complaint.

Accordingly, Csejpes's third assignment of error is overruled.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, P.J., concurs.

HARPER, J., concurs in judgment only.