OPINION
This action arises out of the trial court's granting judgment for the defendant-appellee, C. Stephen Ayres, and against the plaintiff-Appellant, Mark Darulis, on plaintiff's civil complaint for a breach of contract action. The facts indicate that the appellant had criminal charges filed against him in federal court in June of 1992 for growing marijuana. In early 1993, the appellant pled no contest in federal court to these charges. The appellant appealed his conviction and sentence in the federal court. On March 19, 1993, the appellant met with the appellee and another attorney concerning supplementing his appeal to add a new issue. At this March 19, 1993 meeting, a contract was entered into between the appellant and appellee which entailed a fee of $1,000. The fee was paid by the appellant to the appellee but no supplement to the appeal was filed due to the fact that it was decided that it was against the best interests of the appellant in filing said supplemental appeal. Later an issue arose between the parties on whether this fee was the total for the research and filing the supplemental issue to his appeal, or whether it was a retainer to be applied against an hourly rate by the appellee. On April 29, 1996, appellant filed a complaint against appellee alleging breach of contract and unjust enrichment. Appellee subsequently filed his answer and a counterclaim asserting in the counterclaim that there was an additional amount of money owed to the appellee by the appellant. On June 13 1996, this matter was set for trial on September 30, 1996 by the court. On July 10, 1996, the appellant then filed a motion for summary judgment. On August 19, 1996, the appellant filed a motion for leave to file an amended complaint instanter. He also filed his answer to the counterclaim. On August 26, 1996, the trial court, through a judgment entry, denied appellant's motion for leave to file the amended complaint and also dismissed appellant's claim of fraud or intentional wrongdoing. On October 10, 1996, the breach of contract claim was tried. This issue was tried to the trial court. On October 17, 1996, the trial court issued a judgment entry and granted judgment to the appellee and against the appellant on the complaint. The court also granted judgment to the appellee on the counterclaim but awarded no damages. On October 31, 1996, the appellant filed his motion for a new trial which was denied by the trial court on November 5, 1996. This appeal followed. Appellant alleges six assignments of error, to wit: "Assignment of Error No.
 I "THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ALLOW ATTORNEY WILLIAMS TO AMEND THE COMPLAINT.
"Assignment of Error No. II
 "THE TRIAL COURT ERRED BY ACCEPTING PAPERS BY DEFENDANT, THEREFORE, NO JUDGMENT CAN EXIST.
"Assignment of Error No. III
 "THE TRIAL COURT ERRED BY ACCEPTING THE DEPOSITION OF MARK DARULIS.
"Assignment of Error No. IV
 "THE TRIAL COURT ERRED BY DECIDING THE WEIGHT OF EVIDENCE SUPPORTED A FINDING FOR DEFENDANT THAT THE FEES WERE EARNED AND JUSTIFIED.
"Assignment of Error No. V
 "THE TRIAL COURT ERRED BY DECIDING ATTORNEY AYRES PAID ATTORNEY OHLWEILER $500.00 OF THE $1,000.00 FLAT FEE FOR THE APPELLATE SUPPLEMENT.
"Assignment of Error No. VI
 "THE TRIAL COURT ERRED BY NOT GRANTING A NEW TRIAL OR AMENDMENT (sic.) HIS JUDGMENT IN ACCORDANCE TO CIVIL RULE 59."
Appellant's assignments of error are without merit.
In assignment of error one, the appellant alleges that the trial court abused its discretion by refusing to allow Attorney Williams to amend the complaint. Civ.R. 15(A), titled Amendments, states in relevant part: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleadings only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *11
Before a trial court will allow a motion to amend a pleading, where the cause is set for trial, the plaintiff must make a prima facie showing that the new matters to be pleaded are supported by the evidence. Where a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading. See Wilmington Steel Products. — Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120. The new matter to be added to the appellant's complaint in this case was the issue of conversion of the money appellant paid to appellee. From the trial court's judgment entry and a review of the transcript, it is clear that the trial court believed there was no evidence that any conversion occurred. Thus, the trial court was not convinced that there was a prima facie case of conversion to be added to this complaint. In denying appellant's motion for leave to file an amended complaint, the trial court in its August 26, 1996 judgment entry I addressed the issue of the lack of timeliness of the motion. A trial court's determination whether to grant motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. See Cselpes v. Cleveland Catholic — Diocese (1996), 109 Ohio App.3d 533. To demonstrate abuse of discretion in denying motion for leave to amend complaint, plaintiff must demonstrate more than error of law and that the trial court's denial of the motion was unreasonable, arbitrary or unconscionable. See Cselpes, supra. This assignment of error is without merit. There has been no abuse of discretion by this trial court shown since in his judgment entry the court found that this motion was untimely and so addressed that issue. Concerning the addition of the claim of conversion by the appellee, this information clearly would have been available to the appellant well in advance of the date of the filing of the complaint. Also, a review of the trial court's judgment entry of October 17, 1996 shows that that court found the attorneys involved had performed research and other related matters concerning the handling of this matter and that they had advised the plaintiff. That court found that that work exceeded the $1,000 payment that was made by the appellant and since there was no breach of contract on that issue there could have been no conversion. In assignment of error two, the appellant alleges the trial court erred by accepting papers by appellee, therefore no judgment can exist. In this assignment of error, the appellant is alleging that the appellee attorney, when filing motions with the court, did not complete the requirements for proof of service in that proof: of service was not endorsed per Civ.R. 2, whereby a party represented by an attorney that service shall be signed by the attorney with the attorney's address and registration number. Appellant alleges that appellee's attorney failed to state his address and attorney registration number. This assignment of error is without merit. The purpose of the sanctions of Rule 11 regarding truthfulness of pleadings is to deter pleading and motion abuses and to assure the court that such documents are filed in good faith with sufficient grounds of support. See Riley v. Langer (1994), 95 Ohio APP.3d 151. Also, whether or not to impose sanctions under Civ.R. 11 is within a trial court's discretion. See State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65. Thus, the omission by the appellee of his address and registration number on the proof of service is harmless error and does not affect this case in any manner. The trial court's decision to as filings and those signatures as notices is within the trial court's discretion. In assignment of error three, the appellant alleges the trial court erred by accepting the deposition of Mark Darulis. This assignment of error is without merit. The deposition in question is that of appellant from a prior case and was not used in this case. A review of the transcript does not show that this deposition was used to impeach the appellant or for any other reason. This deposition was filed with leave of the court. There was no objection made to the filing of the deposition at the time it was filed in the court, therefore the appellant has waived any allegation of error to the filing of the deposition at this time. In assignment of error four, the appellant alleges the trial court erred by deciding the weight of evidence supported a finding for defendant that the fees were earned and justified. This assignment of error is without merit. Clearly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. See C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. Also, in considering whether the `judgment of the trial court is against the manifest weight of the evidence, it is important that the court of appeals be guided by a presumption that the findings of the trier of fact are correct. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. In our case, there was testimony by the appellee and also testimony by Attorney Ohlweiler concerning the research and other work done towards earning the fee in question. Also submitted to the court were the fee schedules of both attorneys for that work. Thus, there was sufficient, credible evidence f rom which the trier of fact could have concluded that those fees were indeed reasonable and justified for the work involved. In assignment of error five, the appellant alleges the trial court erred by deciding Attorney Ayres paid Attorney Ohlweiler $500 of the $1,000 fee for the appellate supplement. In this assignment of error, the appellant is alleging that the $500 was never paid by the appellee to the other attorney, This assignment of error is without merit. There was sufficient testimony in the trial from which the trial court could have concluded that the services were earned and paid for by the appellee to the other attorney. "Q. Exhibit A is a photocopy of a check written on your account to Robert J. Ohlweiler for the amount of $500. Is that correct?
"A. That's correct.
 "Q. Is that a true and accurate copy of the check that you actually wrote?
"A. Yes, it is.
"Q. Why did you write this Exhibit A check to Mr. Ohlweiler?
 "A. Because it was his one-half of the retainer that we had agreed upon in Bob's office, I believe on March 15.
 "Q. Okay, so it is one-half of the thousand dollar retainer you have been discussing?
"A. Yes.
 "Q. Exhibit B, a copy of a billing statement from you to Mr. Darulis and Exhibit C is a copy of a billing statement from Mr. Ohlweiler to Mr. Darulis?
"A. That's correct.
 "Q. Can you tell the Court as far as Exhibit B, your billing, did you indeed perform all the tasks that are indicated on Exhibit B?
"A. Yes." (Tr. 35-35)
Also, at page 71 of the transcript, Mr. Ohlweiler was questioned:
 "Q. If it is of any assistance to you, you may look at the exhibits before you. Can you tell the Court, Exhibit C, what that is?
"A. Yes, this is a statement that I prepared.
"Q. To Mr. Darulis?
"A. Yes.
"Q. For time expended on this supplementing the appeal issue?
"A. That's correct.
"Q. And that was created in your office?
"A. Yes.
 "Q. Can you tell the Court whether or not you actually performed the services that are indicated on Exhibit C?
"A. Oh, Yes."
Thus, there is sufficient, credible evidence from which the trial court could have concluded that these services were actually provided by both attorneys in question. In assignment of error six, the appellant alleges the trial court erred by not granting a new trial or amending his judgment in accordance to Civ.R. 59. In this assignment of error, appellant is again alleging that he never paid Attorney Ohlweiler anything. This assignment of error is without merit. A review of this motion does not indicate any substantial basis for the motion for a new trial. Clearly, the trial court had ruled on all the issues before the court and nothing new was being introduced to induce the trial court to grant a new trial. As noted by the appellee, the services, per the submitted bills, were I provided by the attorneys involved and the money was due. The trial court in its judgment entry found that there was a contract for a $1,000 retainer against the hourly fee and those hourly fees exceeded the retainer. Thus, there was clearly no reason to grant a new trial on these issues.
For all the reasons cited above, appellant's assignments of error are without merit. Judgment affirmed.