This case is before the court on appeal from an award of summary judgment in favor of the appellee-insurer on its insureds' claim for underinsured motorist coverage. The appellants-insureds argue:
 1. THE TRIAL JUDGE ERRED WHEN SHE GRANTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHERE DEFENDANTS' OWN EMPLOYEE ADMITTED THAT THE ONLY NEW CONTRACT OF INSURANCE WAS ENTERED INTO ON OCTOBER 9, 1994, PRIOR TO THE EFFECTIVE DATE OF SENATE BILL 20.
 2. THE TRIAL JUDGE ERRED WHEN SHE DENIED PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT WHERE IT WAS UNDISPUTED THAT THE ONLY NEW CONTRACT OF INSURANCE WAS ENTERED INTO ON OCTOBER 9, 1994, PRIOR TO THE EFFECTIVE DATE OF SENATE BILL 20.
 3. THE TRIAL JUDGE ERRED WHEN SHE DENIED PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT.
For the following reasons, we find no error in the trial court's rulings and affirm its decision.
 FACTS AND PROCEEDINGS BELOW
The parties agree that appellants' decedent, Nancy Kulikowski, was killed in an automobile accident on October 24, 1996 due to the negligence of Lawrence Geis, who was driving a truck for his employer, Nat Farinacci Sons, Inc. Kulikowski was survived by her husband, three children, her parents, three brothers (including appellant John Doganiero), and several nieces and nephews (including appellant Aria Doganiero).
The insurer of the driver and the driver's employer offered to settle a wrongful death action filed by the executor of Kulikowsi's estate for $971,000.00. The $1 million policy limits were exhausted among this settlement and settlements with other claimants. The Lake County, Ohio Probate Court approved the settlement and allocated the entire amount of the settlement to the decedent's spouse and children.
Appellants were insured under an automobile policy issued by defendant-appellee. This policy provided a single per person/per accident limit of $300,000 in uninsured/underinsured motorist coverage. Their first policy was issued on April 9, 1993 and was renewed on October 9, 1993, April 9, 1994, October 6, 1994, April 9, 1995, and April 9, 1996. The 1996 policy included an endorse-ment amending the uninsured motorist coverage.
Appellants filed their complaint against appellee on October 6, 1998, and immediately amended it on October 9, 1998 to add appellee's parent company as a defendant. A second amended complaint was filed in December 1998. The second amended complaint alleged appellants were insureds legally entitled to collect damages from an underinsured motorist and, therefore, were entitled to collect underinsured motorist coverage from their own insurer in the amount of $300,000.00.
Appellants moved for partial summary judgment on all issues but damages. Appellee filed a cross-motion for summary judgment. While these motions were pending, appellant moved for leave to file a third amended complaint, seeking a declaration that S.B. 20 was unconstitutional. The court granted appellee's motion for summary judgment and denied appellants' motion, denying the motion to amend the complaint as moot. Appellants have timely appealed from this ruling.
 LAW AND ANALYSIS
The first two assignments of error concern the court's ruling on the parties' summary judgment motions, so we address them together. We review an order granting summary judgment de novo, applying the same standard applied by the trial court. Hillyer v. State Farm Mut. Auto Ins. Co. (1999), 131 Ohio St.3d 172, 175; Temple v. Wean United Inc. (1977),50 Ohio St.2d 317, 327.
The law applicable to this case is the law in effect at the time the contract of insurance was made, so a critical issue is when the applicable contract was made. This issue was recently settled by the Ohio Supreme Court's decision in Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, which holds that:
 1. Pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39.
 2. The commencement of each [two year] policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy.
Plaintiffs argue that the two-year period should run from the October 6, 1994 contract, entered into just a few weeks prior to the effective date of Am.Sub.S.B. No. 20. However, the policy in this case was originally issued in April 9, 1993, so the October 1994 contract was invalid. A new contract of insurance came into existence on April 9, 1995, after S.B. 20 went into effect; thus, S.B. 20 is the law applicable to this case.
Under S.B. 20, underinsured motorist coverage must be provided:
 * * * where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance * * *, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
R.C. 3937.18(A)(2). Appellants are not entitled to underinsured motorist coverage under this provision because the amount available from the other driver's policy far exceeded the $300,000 policy limit here. Although the probate court did not allocate to the appellants any part of the proceeds from the tortfeasor's insurance that were paid in settlement of the wrongful death claim, the set-off provided by R.C. 3937.18(A)(2) with respect to underinsured motorist coverage relates to amounts available to, but not necessarily recovered by, the insured. Carruth v. Erie Ins. Group (Sep. 21, 2000), Cuyahoga App. No. 77161, unreported; Washington v. Security Mut. Ins. Co. (Sep. 21, 2000), Cuyahoga App. No. 76082, unreported. Therefore, summary judgment was properly granted to appellee, and we overrule appellants' first two assignments of error.
The third assignment of error contests the trial court's denial of appellants' motion to amend their complaint to challenge the constitutionality of Am.Sub.S.B. No. 20. The trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. Csejpes v. Cleveland Catholic Diocese (1996), 109 Ohio App.3d 533, 541. The motion was filed less than one month before the rescheduled trial date, after all discovery was completed. Motions for summary judgment were pending before the court. The amendment, if allowed, would have raised a number of new issues and would have required service upon the attorney general. The court did not abuse its discretion by disallowing the amendment at this late date.
Accordingly, we affirm.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. CONCURS ANN L. KILBANE, J. DISSENTS (See attached Opinion)