OPINION
{¶ 1} Plaintiff-appellant Freda Robinson appeals the May 23, 2006 judgment entry of the Stark County Court of Common Pleas adopting the Magistrate's Findings of Fact and Conclusions of Law. Appellant also appeals the February 24, 2006 judgment entry denying appellant's motion for leave to amend complaint.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 8, 2004, The Timken Company offered appellant a permanent position as a customer service associate. Appellant was currently working for The Timken Company as a temporary employee. The offer of permanent employment was contingent upon appellant successfully passing a pre-employment physical and substance abuse test.
 {¶ 3} To conduct the substance abuse test, an employee of The Timken Company collected a sample of the appellant's hair. The hair sample was sent to Omega Laboratories, Inc. ("appellee") for testing. Appellee conducted two separate tests on appellant's hair sample and each test resulted in a positive test for the presence of cocaine and a cocaine metabolite. The results of the tests were reported to The Timken Company. Based on the positive result, The Timken Company withdrew its offer of employment from appellant and discharged her from her temporary employment with The Timken Company.
 {¶ 4} Appellant requested that her hair sample be tested again by another laboratory. Quest Diagnostics tested the same sample of hair and found that the hair sample did contain cocaine. The amount of cocaine present in the hair sample, *Page 3 
however, was below the cutoff level to be considered positive for a pre-employment test according to the drug testing industry standards.
 {¶ 5} Appellant submitted two more hair samples for testing. The testing on the subsequent hair samples came back as "negative" for the presence of cocaine.
 {¶ 6} Appellant brought a claim of negligence against appellee in September 2004. The matter was dismissed by the trial court without prejudice. Appellant re-filed her complaint against appellee in May 2005. Appellant voluntarily dismissed that case. Appellant then filed a third complaint against appellee in October 2005.
 {¶ 7} The trial court scheduled the trial on the third complaint on March 27, 2006. After appellee filed its motion for summary judgment on February 7, 2006, appellant filed a motion for leave to amend complaint on February 9, 2006. Appellant requested the trial court for leave to amend her complaint to add the claims of false light invasion of privacy, invasion of privacy and defamation of character. Appellant based her new claims on a letter that was written by Quest Diagnostics to appellee in regards to appellant's hair sample containing the presence of cocaine, but at levels which would render the test result "negative" (hereinafter "the letter"). Appellee used this letter as an exhibit in its motion for summary judgment. The information from the letter was also referred to in a newspaper article regarding appellant.
 {¶ 8} On February 24, 2006, the trial court denied the motion for leave to amend the complaint. The trial court stated that it denied the motion for appellant's failure to attach a proposed judgment entry pursuant to Local Court Rule. The trial court also found that the pleadings as filed accurately stated the causes of action should appellant's allegations be substantiated. *Page 4 
 {¶ 9} The trial court denied the appellee's motion for summary judgment and the matter proceeded to a bench trial before a magistrate. During the course of the trial, appellant introduced the hair sample that had been used during the initial test conducted by appellee. The purpose of appellant's presentation of the hair sample was to demonstrate that the hair sample tested by appellee was distinctively different in color and texture than appellant's hair. It was appellant's claim at trial that appellee mixed-up or lost appellant's hair sample at the lab and tested someone else's hair. Appellant also submitted several drivers' license photos to demonstrate that appellant's hair color in the photos did not match the hair sample.
 {¶ 10} The trial court admitted the hair sample into evidence. During the testimony of one of appellee's witnesses, the witness knocked the hair sample off the stand. The hair sample fell into a space near the witness chair and was not immediately retrievable without the assistance of the maintenance staff. The magistrate stated that the hair sample would be retrieved.
 {¶ 11} On May 3, 2006, the magistrate issued his decision and found that appellant failed in her burden to prove that appellee was liable for negligence. The magistrate noted that appellant had failed to introduce any scientific evidence, such as DNA testing, to establish that the hair sample tested by appellee was, in fact, not appellant's, as that was the central contention of her case. The trial court adopted the magistrate's decision.
 {¶ 12} Appellant filed an appeal and this matter is now before the court for consideration.
 {¶ 13} Assignments of error are as follows: *Page 5 
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO AMEND COMPLAINT.
 {¶ 15} "II. THE TRIAL COURT ERRED WHEN IT ADOPTED THE MAGISTRATE'S FINDINGS OF FACTS AND CONCLUSIONS OF LAW BECAUSE THE MAGISTRATE DID NOT CONSIDER ALL OF THE EVIDENCE ADMITTED DURING THE TRIAL."
 I. {¶ 16} Appellant claims the trial court abused its discretion when it denied appellant's motion for leave to amend complaint to assert additional claims against appellee and to add new party defendants. We disagree.
 {¶ 17} A trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. Darulis v. Ayers (Feb. 2, 1999), 5th
Dist. No. 1996CA00398 citing Cselpes v. Cleveland Catholic-Diocese
(1996), 109 Ohio App.3d 533, 541, 672 N.E.2d 724. To demonstrate abuse of discretion in denying a motion for leave to amend complaint, appellant must demonstrate more than error of law and that the trial court's denial of the motion was unreasonable, arbitrary or unconscionable. Id.
 {¶ 18} Pursuant to Civ.R. 15(A),
 {¶ 19} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a *Page 6 
party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."
 {¶ 20} The Ohio Supreme Court has held that "it is an abuse of discretion for a court to deny a motion, timely filed, * * *, where it is possible that plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed." Peterson v. Teodosio (1973), 34 Ohio St.2d 161,297 N.E.2d 113, paragraph six of the syllabus.
 {¶ 21} The Ohio Supreme Court refined the holding inPeterson, supra, by adopting the test found in Solowitch v. Bennett
(1982), 8 Ohio App.3d 115, 117, 456 N.E.2d 562, that "there must be at least a prima facie showing that the movant can marshal support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic, nor one which would cause prejudice to the defendant."Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 123, 573 N.E.2d 622, syllabus.
 {¶ 22} While Civ.R. 15(A) allows for liberal amendment, the trial court does not abuse its discretion if it denies a motion to amend pleadings if there is a showing of bad faith, undue delay or undue prejudice to the opposing party. Hoover v. Sumlin (1984),12 Ohio St. 3d 1, 465 N.E.2d 377, paragraph two of syllabus; Turner v. Cent. LocalSchool Dist., 85 Ohio St.3d, 95, 99, 1999-Ohio-207, 706 N.E.2d 1261. *Page 7 
 {¶ 23} We find the trial court did not abuse its discretion in denying appellant's motion to amend her complaint to add the claims of false light invasion of privacy, invasion of privacy and defamation.
 {¶ 24} On February 9, 2006, appellant moved to amend her complaint based on the letter written by Quest Diagnostics, sent to appellee and used by appellee as an exhibit in its motion for summary judgment. Appellant states in her motion to amend complaint that she received the letter from appellee on or about July 22, 2005. Appellant argues that the letter and the information contained therein were never authorized to be released to appellee. She claims the release and subsequent publication of the information in appellee's summary judgment motion and newspaper article were an invasion of the appellant's privacy. She further argues a representative of appellee acknowledged during deposition that the letter was irrelevant to appellee's claims; therefore the release of the information was not done for the purpose of furthering the defense of its claims, but to specifically injure appellant.
 {¶ 25} We find appellant's motion to amend complaint was untimely and demonstrated undue delay. Appellant stated that she received a copy of the letter on July 22, 2005, after her first complaint against appellee was dismissed and before her second complaint was filed. During the proceedings on appellant's second complaint, appellee used the letter as an exhibit to its motion for summary judgment. After appellee filed its motion for summary judgment, appellant dismissed her second complaint. Appellant then re-filed her third complaint. In her third complaint, appellant only stated a cause of action against appellee for negligence. Appellant did not move to amend her complaint to raise her additional claims until February 9, 2006, after appellee *Page 8 
filed its motion for summary judgment on February 7, 2006. The trial court had scheduled the trial on March 27, 2006. The procedural history of this action demonstrates appellant had timely opportunities to raise the additional claims against appellee before February 9, 2006. The motion for additional claims was untimely, showed undue delay and would have caused undue prejudice to appellee.
 {¶ 26} We further find that appellant failed to make a prima facie showing of support for the new matters sought to be pleaded. Appellant's claims of false light invasion of privacy, invasion of privacy and defamation would fail as a matter of law.
 {¶ 27} First, there is no recognizable cause of action for false light invasion of privacy. In Yeager v. Local Union 20 (1983),6 Ohio St.3d 369, 372, 453 N.E.2d, the Ohio Supreme Court stated: "[t]his court has recognized a cause of action for invasion of privacy in Housh v.Peth (1956), 165 Ohio St. 35, [59 O.O. 60, 133 N.E.2d 340]. However, this court has not recognized a cause of action for invasion of privacy under a `false light' theory of recovery. Under the facts of the instant case, we find no rationale which compels us to adopt the `false light' theory of recovery in Ohio at this time."
 {¶ 28} Appellant's claims for invasion of privacy and defamation are based on appellee's use of the letter as an exhibit in its motion for summary judgment. These claims likewise fail because appellee used the letter during a judicial proceeding. Statements made during judicial proceeding enjoy an absolute privilege. See DiCorpo, Inc. v.Sweeney (1994), 69 Ohio St.3d 497, 634 N.E.2d 203.
 {¶ 29} Appellant also argues it was an abuse of discretion for the trial court to deny her motion to amend due to her failure to attach a proposed judgment entry. The trial court states appellant did not properly file her motion to amend because she did not *Page 9 
provide an entry to the trial court pursuant to Local Court Rule. On November 16, 2005, the trial court issued a pretrial order. Paragraph 27 of the pretrial order states, "[a]ll motions or requests for relief must be accompanied by a proposed judgment entry. A failure to submit a proposed entry may result in the Court's denial of the matter submitted."
 {¶ 30} We do not find the trial court's denial of appellant's motion to amend for her failure to comply with the November 26, 2005 pretrial order to be an abuse of discretion. A trial court has authority to manage its own proceedings and control its own docket. Moyer v.Bristow, 91 Ohio St.3d 3, 7, 2000-Ohio-109, 740 N.E.2d 656; Flynn v.Flynn, 10th Dist. No. 03AP-612, 2004-Ohio-3881, at ¶ 10. Further, the trial court's decision to deny appellant's motion to amend was not solely based on appellant's failure to attach the required proposed judgment entry, as discussed above.
 {¶ 31} Accordingly, we can find no abuse of discretion by the trial court in denying appellant's motion to amend complaint.
 II. {¶ 32} Appellant next claims the trial court erred as a matter of law in adopting the magistrate's findings of facts and conclusion of law, as the magistrate's decision was against the manifest weight of the evidence. We disagree.
 {¶ 33} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the *Page 10 
trial court. Myers v. Garson, 66 Ohio St.3d 610, 1993-Ohio-9,614 N.E.2d 742. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 34} Specifically, appellant argues the trial court failed to consider the appellant's actual hair sample in making its determination that appellee did not negligently perform the drug testing. Appellant tried to demonstrate at trial that the hair sample appellee tested was not appellant's hair. She argued this was evident by a comparison of the color of the hair strands and drivers' license photos. Appellant's hair is reddish-brown and the hair sample was black. Appellant states that the trial court never retrieved the hair sample that fell into the crack of the witness chair during the trial before the trial court issued its findings of facts and conclusions of law. Counsel for appellant contacted the trial court's bailiff to confirm that the hair sample was never recovered. Appellant argues that the trial court's failure to recover the hair sample demonstrates that it did not review all of the admitted evidence in making its decision.
 {¶ 35} Based on our review of the limited record presented to the court, there is no evidence before us that the trial court did not specifically consider the color of appellant's hair in making its determination that appellee was not negligent, other than appellant's affidavit filed with her objections to the magistrate's findings. Her affidavit states that she spoke with the trial court's bailiff and the bailiff stated the hair sample had not been retrieved.
 {¶ 36} We find the trial court's judgment entry states that it did consider the appellant's evidence. In its judgment entry, the trial court found that "[p]laintiff urges the *Page 11 
Court to toss out the science and believe the person." The trial court resolved the conflicting evidence presented by appellant and appellee by finding "the science did not prove appellant was a cocaine user, it merely proved that Omega was not negligent in performing hair analysis for the presence of controlled substances." The trial court accepted the scientific evidence presented by appellee over the appellant's evidence of her differing hair color. Upon review, we cannot find the trial court's decision failed to consider appellant's hair color and was therefore unsupported by credible evidence.
 {¶ 37} Appellant's second assignment of error is denied.
 {¶ 38} The judgment of the Court of Common Pleas of Stark County is hereby affirmed.
Delaney, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1