[Cite as *Demmings v. Cuyahoga Cty.*, 2013-Ohio-499.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98958

# WILLIAM DEMMINGS

PLAINTIFF-APPELLANT

vs.

# CUYAHOGA COUNTY, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-783291

**BEFORE:**    Keough, P.J., E.A. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**    February 14, 2013

**ATTORNEY FOR APPELLANT**

James M. Johnson
110 Hoyt Block Building
700 W. St. Clair Avenue
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brian Gutkoski
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

**{¶2}** Plaintiff-appellant, William Demmings, appeals the trial court's decision denying his motion to amend his complaint. For the reasons that follow, we affirm.

**{¶3}** In May 2010, Demmings, while an inmate at the Cuyahoga County jail, was assaulted by another inmate. Demmings filed a complaint against defendants-appellees, Cuyahoga County and Sheriff Bob Reid ("appellees"), alleging negligence. In July, appellees filed their answer and simultaneously moved the trial court pursuant to Civ.R. 12(C) for judgment on the pleadings. The trial court ordered Demmings to respond to the motion on or before August 3, 2012. On August 3, Demmings requested an extension of time until August 7, to file his response. On August 14, Demmings filed his brief in opposition and requested leave to amend his complaint.

**{¶4}** The trial court issued a judgment entry on August 16, 2012, denying Demmings's motions for an extension of time and for leave to amend his complaint. In this same judgment entry, the trial court granted the appellees' Civ.R. 12(C) motion "as defendants are entitled to immunity under R.C. 2744.02."

**{¶5}** Demmings appeals from this judgment entry, raising as his sole assignment of error that the trial court abused its discretion in not allowing him to amend his complaint

pursuant to Civ.R. 15(A). Demmings does not assert any argument on appeal regarding the trial court's decision granting appellees' Civ.R. 12(C) motion for judgment on the pleadings.

{¶6} It is well established that a trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. *Csejpes v. Cleveland Catholic Diocese*, 109 Ohio App.3d 533, 541, 672 N.E.2d 724 (8th Dist.1996), citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991). To prove an abuse of discretion, Demmings must demonstrate more than an error of law and that the trial court's denial of his motion was unreasonable, arbitrary, or unconscionable. *Id.*

{¶7} Civ.R. 15(A) allows for amendment of pleadings by leave of court or by written consent of the other party after a responsive pleading has been made. Civ.R. 15(A) expressly provides, "[l]eave of court shall be freely given when justice so requires." The Ohio Supreme Court has held that "[t]he language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984).

{¶8} In this case, Demmings sought to amend his complaint after the appellees filed their Civ.R. 12(C) motion for judgment on the pleadings. The proposed amended complaint sets forth additional facts in an attempt to state a claim of negligence against the appellees.

**{¶9}** In *Wilmington Steel Prods., Inc.*, 60 Ohio St.3d at 123, 573 N.E.2d 622, the Ohio Supreme Court held that "where a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading." *See also Solowitch v. Bennett*, 8 Ohio App.3d 115, 117, 456 N.E.2d 562 (8th Dist.1982). Where an amendment to the complaint would have been futile, the trial court also does not abuse its discretion in denying the motion. *Perrin v. Bishop*, 8th Dist. No. 64266, 1993 Ohio App. LEXIS 5736 (Dec. 2, 1993).

**{¶10}** Granting a Civ.R. 12(C) judgment on the pleadings is appropriate where the plaintiff has failed in his complaint to allege a set of facts that, if true, would establish the defendant's liability. *Walters v. First Natl. Bank of Newark*, 69 Ohio St.2d 677, 433 N.E.2d 608 (1982).

**{¶11}** Although the trial court failed to state its reason for denying Demmings's motion for leave to file his amended complaint, the record shows that the trial court properly denied Demmings's motion because the purported amendment fails to allege a set of facts that, if true, would establish the appellees' liability. Accordingly, the amended complaint would not have cured any defect in the original complaint to survive the appellees' already filed Civ.R. 12(C) motion. Thus, granting Demmings leave to file the amended complaint would have been futile.

**{¶12}** Accordingly, we find that the trial court did not abuse its discretion in denying Demmings's motion to amend his complaint. The assignment of error is overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR