THE STATE OF OHIO, DEPT. OF TAXATION, APPELLEE, *v.* CEMETERY MANAGEMENT SERVICE CO. OF PENNSYLVANIA ET AL., APPELLEES; WILSON ET AL., APPELLANTS.

(No. 80AP-640—Decided June 18, 1981.)

*Mr. Dale R. England, Jr.,* for Dept. of Taxation.

*Messrs. Graham, Dutro & Nemeth* and *Mr. H. C. Dutro, Jr.,* for Cemetery Mgmt. Service of Pa. et al.

*Mr. Rockford H. Richardson,* for Wilson et al.

MOYER, J. This matter is before us on appeal from a judgment of the Court of Common Pleas of Franklin County, granting summary judgment in favor of third-party plaintiffs/third-party defendants.

This action is the third suit involving the parties herein. On May 30, 1974,

third-party defendants/third-party plaintiffs A. B. Wilson, Ruth Wilson and Ruth Ann Wilson (Wilsons), brought suit in Perry County, Ohio against defendant/third-party plaintiff/third-party defendant Cemetery Management Service Company of Pennsylvania (CMS, predecessor in interest of appellee CMS East, Inc.). Wilsons claim that, under the terms of a 1973 sales agreement, CMS was obligated to pay certain liabilities, including a tax assessment of the Ohio Department of Taxation in an amount in excess of $16,000, in return for the transfer of certain property. That suit ended in a settlement agreement on March 14, 1975, under which CMS was to pay Wilsons the sum of $25,000 and to assume the tax liability of $18,000.

On March 1, 1976, Wilsons again sued CMS, claiming that CMS had breached the settlement agreement. After six days of trial, this suit was settled. CMS agreed to pay Wilsons the sum of $35,000. Wilsons were to pay the tax liability from the sum they received.

When the tax liability remained unpaid, the Ohio Department of Taxation brought suit against CMS. CMS impleaded Wilsons, claiming that Wilsons were obligated to pay the tax liability under the April 29, 1977 settlement agreement. Wilsons denied liability under the agreement, raising defenses of fraud in the inducement and conspiracy, and counterclaimed against CMS.

On the day before trial, CMS paid the entire tax liability of $18,456.80. The state of Ohio was then dismissed from the case. In place of trial, the court held a short hearing, at which time Wilsons informed CMS that they were expected to mitigate damages by filing for a refund of excess taxes assessed. Wilsons then filed an amended counterclaim, naming as additional defendants appellees George Stoecklein, Bernard Stoecklein, David Strobel, Joseph Huber, Hubert Dutro and special counsel Dale England. On March 18, 1980, the trial court sustained a motion for summary judgment dismissing Wilsons' third-party complaints and counterclaims. Wilsons appeal from that judgment, raising the following two assignments of error in support of their appeal:

"I. The trial court erred in failing to rule on the pending motion for leave to amend before granting appellees' motion for summary judgment.

"II. The trial court erred in granting appellees' motion for summary judgment on the theory of res judicata where dismissal of the prior action was based on an executory agreement which the appellants claim was fraudulently induced and when disputed material facts could lead reasonable minds to different conclusions."

We consider the second assignment of error first. In support thereof, the Wilsons argue that the court erred in granting summary judgment on the theory of *res judicata* where the basis for the prior resolution of the matter was a settlement agreement, which Wilsons claim was fraudulently induced.

Specifically, the Wilsons allege that CMS and Dale England led Wilsons to believe that the amount of the tax liability could be compromised and reduced from the figure of $18,456.80. According to Wilsons, they would not have agreed to the settlement, had they not believed that they were not incurring the full $18,000 tax liability. A settlement agreement induced by fraud may not be the basis for *res judicata. Columbus* v. *Union Cemetery* (1976), 45 Ohio St. 2d 47 [74 O.O.2d 79] (first paragraph of the syllabus).

Appellees argue that the authority to compromise tax claims is a matter of law and, further, that no one may reasonably rely on an incorrect representation of the law. Appellees assert that the law precludes compromise of tax assessments by the attorney general. This, however, was not the law at the time the representation was allegedly made.

R.C. 115.17 provided in part, as follows:

"* * * The attorney general and auditor of state may adjust any claim in such manner as is equitable. They may extend the time of the payment of a claim or judgment for such period of time as is best for the interests of the state, but not to exceed one year, and they may require and take security for its payment."

Further, R.C. 5733.25 provides for compromise of tax claims as follows:

"With the advice and consent of the tax commissioner, the attorney general may, before or after any action for the recovery of fees, taxes, or penalties certified to him as delinquent, compromise or settle any claim for delinquent taxes, fees, or penalties so certified."

Attached to the motion for summary judgment is an affidavit of an assistant attorney general stating that special counsel for the attorney general has no authority to enter into a binding agreement for compromise of a tax assessment. However, the affidavit states that special counsel may recommend compromise offers to the attorney general.

There is, at least, a factual question as to whether Wilsons may have relied upon a representation by England that the tax assessment could in some way be compromised. We make no finding in this regard. We do hold that reasonable minds could differ as to whether there was reasonable reliance upon such a representation if it were made. Summary judgment was, therefore, inappropriate. Civ. R. 56(C). Appellants' second assignment of error is well taken and is sustained.

In support of their first assignment of error, Wilsons argue that the trial court erred in failing to rule on their motion for leave to amend before granting appellees' motion for summary judgment. Appellees argue that the motion for leave to amend was not properly before the court because leave to file the motion had not been granted. However, the court entered a correction of the record which indicates that leave to file a motion for leave to amend had been granted.

Leave to amend is a matter for the discretion of the court. However, the ends of justice are better served if the court states its reasons for not granting the leave to amend. See *Foman* v. *Davis* (1962), 371 U.S. 178, 182. However, we find no abuse of discretion in the failure to grant the leave to amend and the first assignment of error is overruled.

For the foregoing reasons, the order of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed and cause remanded.*

WHITESIDE and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.