EASTERLING et al., Appellants,

v.

AMERICAN OLEAN TILE COMPANY, INC., Appellee.

[Cite as *Easterling v. Am. Olean Tile Co., Inc.* (1991), 75 Ohio App.3d 846.]

Court of Appeals of Ohio,
Lawrence County.

No. 1975.

Decided Aug. 28, 1991.

*Moore, Wolfe & Bentley* and *Lloyd E. Moore,* for appellants.

*Klein, Smith & Klein* and *Thomas L. Klein,* for appellee.

STEPHENSON, Presiding Judge.

This is an appeal from several judgments entered by the Lawrence County Court of Common Pleas which overruled a motion to allow an amended complaint to be filed by Donald and Melinda Easterling, plaintiffs below and appellants herein, and also granted summary judgment on appellants' original complaint to American Olean Tile Company, Inc. ("AOTC"), defendant below and appellee herein. From these judgments, appellants assign the following errors:

"I. When the plaintiffs filed a motion for permission to file an amended complaint containing the additional allegation that the acts of the defendant leading to the damages of the plaintiffs were the result of the defendant's willful and wanton acts, it is error for the trial court to overrule said motion and grant summary judgment on behalf of said defendant.

"II. When the complaint of the plaintiffs alleges that at the time of the accident in question the plaintiff Donald Easterling was using defendant's strip mining property (which was not held open for public use) to operate an all-terrain vehicle, that the defendant had prior knowledge of such use of said property by all-terrain vehicles, that the defendant caused changes in the terrain of said property which changed a slope to a near vertical drop (the drop which caused the injuries and damages of the plaintiffs), that said defendant had failed to comply with Ohio Revised Code Sec. 4153.32 in that said defendant had failed to fence off said area and had failed to post danger signal boards and had failed to define the boundaries of said area as required by 1501:13–2–07 of the Division of Reclamation of the state of Ohio, and when

the defendant's agent admitted in his deposition the foregoing allegations and further stated that it had been approximately a year since 'no-trespassing signs' had been vandalized and that they had not been replaced, and when the plaintiffs had moved to amend their complaint alleging that the acts of the defendant were willful and wanton, it is error for the trial court to deny plaintiffs permission to amend their complaint and error for the court to grant summary judgment in favor of the defendant on the issue of liability."

A short summary of the facts pertinent to this appeal is as follows. On July 15, 1988, appellant, Donald Easterling, was driving a recreational vehicle over property owned and operated as a strip mine by AOTC in Lawrence County, Ohio. It would appear from the record that Easterling had similarly driven his recreational vehicle over the same route on the previous July 4 and that this property was popular among those people using recreational and all terrain vehicles. Although AOTC was aware of such use and was concerned about it, there had been no determination of any practical way to end it.

While operating his vehicle on July 15, Easterling drove over a vertical drop-off created when a portion of a large mound of stockpiled clay had been removed. It would appear uncontroverted that this vertical drop-off was created sometime between July 4 and 15, 1988, and that there were no signs posted to alert potential recreational users to a change in the terrain. As a result of driving over the drop-off, Easterling sustained injury and property damage.

Appellants commenced the action below on February 13, 1989, alleging that AOTC was negligent in that it failed to use reasonable care to avoid the accident. AOTC answered denying all liability and raising the defenses of contributory negligence and assumption of the risk.

On June 21, 1990, AOTC moved for summary judgment arguing that Easterling was a trespasser at the strip mine and, therefore, it owed him no other duty than to refrain from any willful or wanton misconduct which could injure him. It further argued that Easterling had the ability to observe the area over which he intended to trespass and, thus, should have taken due care for his own safety. Appellants filed their memorandum contra summary judgment arguing, in substance, that AOTC's liability was a genuine issue of material fact to be determined by the trier of fact.

On August 31, 1990, a referee's report was entered recommending that summary judgment be granted on the basis that AOTC had only a duty to refrain from willful or wanton misconduct and that none had been demonstrated on its part. On September 16, 1990, appellants filed a motion to amend their complaint. A copy of the proposed amended complaint was attached to the motion and reveals that appellants were changing the allegations in their

complaint to aver that the injuries were caused by AOTC's willful and wanton acts rather than by negligence.

On November 1, 1990, the court below issued its decisions overruling the motion to amend the complaint and granting the motion for summary judgment. Judgments to this effect were filed on November 7, 1990, and this appeal followed.

Appellants' first assignment of error is directed toward the trial court's judgment denying them leave to file their amended complaint. Initially, we note that although Civ.R. 15(A) provides that leave to amend a pleading should be freely given when justice so requires, the ultimate decision to grant such leave is left to the trial court's discretion and its decision on such matters will not be disturbed absent a showing of an abuse of that discretion. *Solowitch v. Bennett* (1982), 8 Ohio App.3d 115, 116, 8 OBR 169, 170, 456 N.E.2d 562, 563; *Shaw v. Central Oil Asphalt Corp.* (1981), 5 Ohio App.3d 42, 46, 5 OBR 45, 49, 449 N.E.2d 3, 8; *Dept. of Taxation v. Cemetery Mgt. Serv. Co.* (1981), 2 Ohio App.3d 115, 117, 2 OBR 128, 130, 440 N.E.2d 1222, 1224. An abuse of discretion connotes more than an error of law or judgment, it implies an unreasonable, arbitrary or unconscionable attitude. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205. Appellants argue that the court below abused its discretion in not allowing them to amend their complaint. We disagree.

As support for their argument, appellants rely on the Supreme Court's holding in *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113, at paragraph six of the syllabus, wherein that court held as follows:

"It is an abuse of discretion for a court to deny a motion, timely filed, seeking leave to file an amended complaint, where it is possible that plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed."

More recently, however, the Supreme Court has cautioned that reliance on the *Peterson* holding is inappropriate when, among other things, the motion to amend was not timely filed. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624. See, also, *DiPaolo v. DeVictor* (1988), 51 Ohio App.3d 166, 170, 555 N.E.2d 969, 973 (a motion to amend under Civ.R. 15[A] must be filed in a timely manner). Moreover, the court has held that "[w]here a plaintiff fails to make a *prima facie* showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading." *Wilmington Steel Products, Inc., supra,* at the syllabus. In reviewing the record before us, we are persuaded neither that the motion to amend was timely filed

nor that appellants made a *prima facie* showing of support for the new matters sought to be pleaded.

As stated previously, appellants filed their motion for leave to amend their complaint on September 16, 1990. This is nearly three months after AOTC moved for summary judgment and more than two weeks subsequent to the referee's report recommending that the motion be granted. In their brief, appellants argue that they sought to amend their complaint as a result of information uncovered during the deposition of AOTC's agent, Hervey Howell. However, Howell's deposition was taken on April 26, 1990, and appellants did not submit their proposed amended complaint for almost five more months. By the time appellants did seek leave to amend their complaint, there were (approximately) only two weeks left before the first scheduled trial date.

While there does not appear to be any set time limit beyond which a motion to amend would be deemed untimely, the Supreme Court has held that such motions filed eleven and seven days before trial are "patently" untimely. *Wilmington Steel Products, Inc., supra,* 60 Ohio St.3d at 123, 573 N.E.2d at 625. Furthermore, decisions by the appellate courts of this state tend to indicate that there is a certain stage in litigation beyond which it becomes increasingly difficult to find an abuse of discretion in the denial of a motion to amend. See, *e.g., DiPaolo, supra,* 51 Ohio App.3d at 170, 555 N.E.2d at 973 (no abuse of discretion when the proposed amendment is sought after trial has been set and nine months after the complaint was originally filed); *Meadors v. Zaring Co.* (1987), 38 Ohio App.3d 97, 526 N.E.2d 107 (no abuse of discretion in denying motion to amend complaint to assert a new negligence claim when discovery had been completed and summary judgment had been orally granted, but not yet journalized); see, also, *Somermeier v. First Natl. Bank* (1968), 17 Ohio App.2d 136, 139, 46 O.O.2d 172, 174, 244 N.E.2d 782, 785 (a pre-rules case where no abuse of discretion was found in denying leave to file an amended pleading tendered during a hearing on a summary judgment motion).

Similarly, we are not persuaded that the motion to amend was timely filed below. Appellants had taken the information upon which they based their proposed amended complaint nearly five months before filing the motion. Nevertheless, they waited to make their request until after AOTC had moved for summary judgment, the referee had recommended that summary judgment be granted and it was approximately two weeks before trial. Under these circumstances, we hold that the motion to amend was untimely.

We are further unpersuaded that appellants have made a *prima facie* showing of support for the allegations of willful and wanton misconduct which they sought to plead in their amended complaint. Appellants cite Howell's

deposition testimony concerning the absence of fencing around the strip mine and that AOTC had not replaced vandalized signs which had previously been torn down. Appellants argue that these factors indicate a violation of both statutory and regulatory requirements for mines and thus constitute willful and wanton misconduct. We disagree.

Willful conduct involves an intent, purpose or design to injure. *McKinney v. Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St.3d 244, 246, 31 OBR 449, 450, 510 N.E.2d 386, 388; *Denzer v. Terpstra* (1934), 129 Ohio St. 1, 1 O.O. 303, 193 N.E. 647, at paragraph two of the syllabus. Wanton conduct is a failure to exercise any care whatsoever toward those to whom a duty is owed under circumstances in which there is great probability that harm will result. *McKinney, supra,* 31 Ohio St.3d at 246, 31 OBR at 450, 510 N.E.2d at 388; *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, 4 O.O.3d 243, 363 N.E.2d 367, at syllabus.

Contrary to appellants' arguments, however, the mere violation of a statute, without more, does not constitute willful and wanton misconduct. 70 Ohio Jurisprudence 3d (1986) 124, Negligence, Section 53. Thus, the failure of AOTC to post fences and signs around the strip mine would not provide any support for the amended allegations sought to be made.

Moreover, under the circumstances of this case, we cannot determine that AOTC had any duty to Easterling such that the failure to discharge that duty would constitute willful and wanton misconduct. Ordinarily, a landowner has neither a duty to warn nor protect a trespasser from dangers which are open and obvious upon ordinary observation. See, *e.g., Bonney v. Canadian Nat. Ry. Co.* (C.A.1, 1986), 800 F.2d 274; *Stanley v. United States* (C.A.1, 1973), 476 F.2d 606, 609; *Nolan v. Roberts* (Fla.App.1980), 383 So.2d 945, 946. Thus, we find no wanton or willful misconduct in failing to warn or protect trespassers who drive over a vertical drop-off on a large mound of stockpiled clay when said drop-off would have, clearly, been obvious to any ordinary observer of the strip mine area.

For these reasons, we find that appellants failed to make a *prima facie* showing of support for their allegations of willful and wanton misconduct. Having already determined that the motion to amend was not timely filed, we are not persuaded that the trial court abused its discretion in denying leave of court. The first assignment of error is, accordingly, overruled.

In their second assignment of error, appellants repeat much of the same argument as was previously reviewed herein and, in addition, assert that the trial court erred in granting summary judgment in favor of AOTC. Again, we disagree.

■ Appellants commenced their action below in negligence. In Ohio, liability for negligence is predicated upon injury caused by the failure to discharge a duty owed to the injured party. *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 188, 26 OBR 160, 161, 497 N.E.2d 1118, 1120. The measure of any duty owed to an injured party is dependent upon the status of that party with respect to the possessor of the premises. *Locher v. K–Mart Corp.* (June 4, 1991), Scioto App. No. 90CA1886, unreported, at 4, 1991 WL 100390. While it may not be entirely clear what status Easterling had on the premises, the end result is the same and AOTC owed him a duty only to refrain from willful or wanton misconduct.

■ AOTC contends that Easterling was a trespasser in that he was on the premises without express or implied authorization and for his own purposes or convenience. *McKinney, supra,* 31 Ohio St.3d at 246, 31 OBR at 450, 510 N.E.2d at 388; *Allstate Fire Ins. Co. v. Singler* (1968), 14 Ohio St.2d 27, 29, 43 O.O.2d 43, 44, 236 N.E.2d 79, 80. In that case, it is settled that the only duty owed to a trespasser is to refrain from willful or wanton misconduct. *Preston v. Baltimore & Ohio RR. Co.* (1988), 49 Ohio App.3d 70, 73, 550 N.E.2d 191, 194; *Mima v. Akron* (1986), 31 Ohio App.3d 124, 126, 31 OBR 211, 212, 508 N.E.2d 974, 976.

On the other hand, appellants contend that numerous people made frequent use of the strip mine for recreational driving and that AOTC was aware of that fact but took no affirmative action to stop it. This contention is supported by the deposition testimony of Howell. Thus, it may arguably be that Easterling was a licensee by virtue of having entered the premises with the possessor's implied consent. See *Boydston v. Norfolk Southern Corp.* (July 18, 1991), Ross App. No. 1683, unreported, at 4, 1991 WL 136717. Such implied consent may be interpreted from acquiescence to continued use of the property by the public. See *Hannan v. Ehrlich* (1921), 102 Ohio St. 176, 131 N.E. 504, at paragraph one of the syllabus. If Easterling was, in fact, a licensee, then AOTC owed him no further duty than to refrain from wantonly or wilfully injuring him. *Id.* at 185, 131 N.E. at 507.

Thus, regardless of whether he was a trespasser or a licensee, the only duty owed by AOTC was to refrain from willful or wanton misconduct. As previously stated, that duty is not violated when a possessor of land fails to protect or warn a trespasser with respect to dangers which are open and obvious upon ordinary examination. The same is true with respect to a licensee who should not be exposed to hidden dangers, pitfalls or obstructions. *Id.* at 186, 131 N.E. at 507. When a hidden danger does exist then the possessor of the premises must warn the licensee of such danger when there is reason to believe that the licensee does not know of or *will not discover* the

dangerous condition. *Wieber v. Rollins* (1988), 55 Ohio App.3d 106, 108, 562 N.E.2d 908, 910; *Niebes v. Crestline Aerie No. 859, Fraternal Order of Eagles* (1952), 94 Ohio App. 21, 30, 51 O.O. 258, 262, 114 N.E.2d 260, 265.

The dangerous condition at issue herein (*i.e.*, the vertical drop-off resulting from the removal of a portion of a mound of clay) is one which AOTC would have no reason to believe that anyone would not discover. Any ordinary observation of the premises over which one seeks to trespass would have revealed this condition. Moreover, such a hazard should be anticipated at a strip mine. For these reasons, we hold that there was no duty to warn or protect Easterling from the vertical drop-off on the clay mound. It is axiomatic that if AOTC had no such duty, then there could be no liability for failure to discharge that duty and, thus, no negligence. *Locher, supra,* at 4; *Leach v. Ironton* (Sept. 5, 1990), Lawrence App. No. 1918, unreported, at 10, 1990 WL 138480.

Construing the evidence most strongly in favor of appellants, we hold that reasonable minds can come to but one conclusion and that is that there was no genuine issue as to any material fact and that OLTC was entitled to judgment as a matter of law. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Thus the court below committed no error in granting summary judgment. Accordingly, appellants' second assignment of error is overruled.

Having reviewed all errors assigned and argued and finding them to be without merit, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HARSHA and PETER B. ABELE, JJ., concur.