OPINION
Appellant, Susan Pollack fka Mark Lee Pollack, is incarcerated in a state correctional institution. On August 8, 1996, appellant filed a prose complaint against Eugene Watts, a State Senator of the State of Ohio and "John Doe" and "Jane Doe." The complaint alleged libel, slander, invasion of privacy and infliction of emotional distress based upon newspaper articles about appellant published in the Lancaster Eagle-Gazette on August 3 and 8, 1995. This complaint was subsequently dismissed for lack of subject matter jurisdiction. By opinion and judgment entry filed August 10, 1998, this court reversed and remanded the case to the trial court. See, Pollack v. Watts (August 10, 1998), Fairfield App. No. 97CA0084, unreported.
Upon remand, the trial court sua sponte dismissed the case for lack of subject matter jurisdiction pursuant to Civ.R. 12(H). See, Memorandum of Decision filed October 7, 1998. By opinion and judgment entry filed September 10, 1999, this court affirmed in part, reversed in part and remanded the case to the trial court to "reinstate the complaint as to the `Doe' defendants and consider the issue of Civ.R. 4(E)." See, Pollackv. Watts, et al. (September 10, 1999), Fairfield App. No. 98CA0074, unreported.
On October 12, 1999, appellant filed a motion for leave to file supplemental complaint. By order filed May 1, 2000, the trial court denied said motion. In addition, the trial court gave appellant notice that it would dismiss the claims against the Doe defendants for lack of service unless appellant demonstrated good cause as to why said defendants had not been served within six months after the complaint had been filed. The trial court gave appellant thirty days after the filing of the order. By judgment entry filed July 14, 2000, the trial court found appellant had failed to demonstrate good cause and dismissed the claims against the Doe defendants.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN TREATING A `MOTION TO DISMISS' AS AN OPPOSITION TO AN UNOPPOSED MOTION, WHERE THE TIME TO OPPOSE THAT MOTION HAD EXPIRED; THE PERSON OFFERING THOSE ARGUMENTS WAS NOT A PARTY TO THE CASE; AND THE COURT GAVE NO NOTICE TO THE PARTIES.
 II THE TRIAL COURT ERRED IN USING/CONSIDERING THE `MOTION TO DISMISS' WITHOUT FIRST RULING UPON THE APPELLANT'S MOTION TO RESPOND TO IT OR OTHERWISE ALLOWING HER TO BE HEARD IN RESPONSE TO IT.
 III THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S `MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT' BY FINDING THAT THE SUPPLEMENTAL CLAIMS WOULD BE "TIME-BARRED".
 IV THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S `MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT' BY FINDING THAT "ABSOLUTE IMMUNITY" PRECLUDED ANY SUCH CLAIMS.
 V THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S `MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT' BECAUSE SHE DID NOT FULLY LIST ALL OF THE RELIEF SHE SOUGHT.
 VI THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE SUPPLEMENTAL CLAIMS AGAINST EUGENE WATTS TO PROCEED, BASED UPON FINDINGS WHICH WOULD APPLY ONLY TO JAMES LUSE.
 VII THE TRIAL COURT ERRED IN DISMISSING JOHN DOE AS A DEFENDANT WHEN THE FAILURE TO SERVE HIM WAS THE FAULT OF THE COURT CLERK AND HIS OWN NEWSPAPER EVEN ACKNOWLEDGED KNOWLEDGE OF THE SUIT.
 VIII THE TRIAL COURT ERRED IN DISMISSING THE `DOE' DEFENDANTS WHEN THE APPELLANT NEVER HAD A CHANCE TO CONDUCT DISCOVERY.
 I, II, VII, VIII
These assignments of error claim the trial court erred in dismissing the Doe defendants without notice, sua sponte and prior to discovery. We disagree.
Pursuant to Civ.R. 3(A), the filing of a complaint does not commence any action unless service has been obtained within one year:
 A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).
The "John and Jane Doe" defendants were named in the complaint filed on August 8, 1996. Pursuant to our remand in App. No. 98CA0074, we specifically ordered the trial court to "reinstate the complaint as to the `Doe' defendants and consider the issue of Civ.R. 4(E)." Said rule governs time limits for service and states as follows:
 If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5.
The trial court, under the authority of the remand, found the following:
 A review of this court's docket for this case, of which this court takes judicial notice pursuant to Evid.R. 201, demonstrates that the plaintiff has never served the `Doe' defendants with a summons and a copy of her Complaint. In a document filed on October 4, 1999, the plaintiff attempted to show `good cause' for her failure to serve those defendants within the required six month interval. In that document, the plaintiff acknowledges her failure to serve those defendants within the required six months, but argues that intervening dismissals and appeals precluded her compliance with that requirement.
 Those explanations fail to show good cause for the plaintiff's failure to identify and serve those defendants in a timely manner, where (a) dismissals of claims against other parties and related appeals do not preclude the plaintiff from identifying and serving the Doe defendants; (b) the plaintiff's September 30, 1999 affidavit reports that she limited her efforts to identify the Doe defendants to discovery requests addressed to former defendant Watts; (c) more than sixteen months expired after plaintiff filed the Complaint against the Doe defendants before the first appeal in this case, and (d) more than seven months has expired since the Court of Appeals advised the plaintiff of the Civ.R. 4(E) problem and remanded this case for proceedings to resolve that issue.
 Accordingly, the court now gives the plaintiff notice that it will dismiss her claims against defendants John Doe and Jane Doe, unless the plaintiff satisfies the court within thirty days from the date of entry for this Order that some other good cause prevented the plaintiff from serving those defendants within six months after the plaintiff filed the Complaint in this case.
 Additionally, the court's records demonstrates that the plaintiff has not served defendants John Doe and Jane Doe with summons and a copy of the complaint within one year after the plaintiff filed this action, as Civ.R. 3(A) requires. `Good cause' cannot relieve the plaintiff from her responsibility to serve the action on any defendant within one year. Hence, the court shall dismiss this action as never having been commenced against the Doe defendants, unless the plaintiff can demonstrate within the same thirty days why the court should not dismiss the case on that ground.
See, Order Regarding Proceedings and Pending Motions on Remand filed May 1, 2000.
Upon review, we find the dismissal was not done sua sponte and without notice. In addition, a substantial period of time had lapsed where discovery could have been attempted. We find no error in the trial court's dismissal of the Doe defendants.
Assignments of Error I, II, VII and VIII are denied.
 III, IV, V, VI
In these assignments of error, appellant claims the trial court abused its discretion in not permitting an amendment of the complaint. We disagree.
Civ.R. 15(A) governs amendments to complaints and states as follows:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *
Leave to file an amended complaint lies in the trial court's sound discretion. Easterling v. American Olean Tile Company, Inc. (1991),75 Ohio App.3d 846. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
In its order filed May 1, 2000, the trial court found the following on the issue of the amended complaint:
 After full consideration of the proposed Supplemental Complaint and the circumstances in which the plaintiff proposes to file it, the court denies the requested leave to file that Supplemental Complaint. In so ruling, the court is mindful of the general proposition that leave shall be freely given to amend pleadings. That proposition typically refers to amendments for pleadings among then current parties, rather than an untimely amendment to add a new party.
 In this case, the proffered Supplemental Complaint seeks to add a new party defendant when the plaintiff's action against all other defendants has apparently failed for lack of subject matter jurisdiction or lack of timely service.
We concur with the trial court that a "defunct" complaint as the onesub judice that fails for subject matter jurisdiction and lack of service cannot be a vehicle to add additional parties or claims.
Assignments of Error III, IV, V and VI are denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
 __________________ Farmer, J.
Gwin, P.J. and Hoffman, J. concur.