{¶ 1} I reluctantly concur in the affirmation of the trial court's ruling, but solely for the reason stated below.
{¶ 2} The Cafaro Company denied that it was the proper defendant in its answer, filed on August 16, 1999. The Cafaro Company bolstered this denial in its motion for summary judgment, filed on May 17, 2001.
{¶ 3} Appellants inexplicably failed to undertake discovery as to the correct ownership of the Eastwood Mall for almost two years and did not file a motion for leave to amend until more than a month after the Cafaro Company filed for summary judgment. Further, appellants failed to attach a copy of the proposed amended complaint to their motion for leave to amend.
{¶ 4} While the procedural disposition of a case is generally discouraged, it can not be said that the trial court below abused its discretion in (1) failing to grant appellants' motion for leave to amend and, (2) granting summary judgment based on the Cafaro Company's lack of ownership of the Eastwood Mall. Csejpes v. Cleveland Catholic Diocese
(1996), 109 Ohio App.3d 533, 541; Easterling v. Am. Olean Tile Co., Inc. (1991), 75 Ohio App.3d 846, 850.
{¶ 5} Having made that determination, there is no need to address the duty or foreseeability issues or appellants' hearsay argument.