JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The appellant, Linda J. McElroy ("McElroy"), appeals the decision of the trial court, which dismissed her counterclaim against appellee, Latino Knotts ("Knotts"), in a suit arising from an automobile accident.
 {¶ 3} The instant appeal arises from an automobile accident that occurred on September 14, 2000. Knotts was driving an emergency medical service ("EMS") ambulance, entering the southbound on-ramp to Interstate-71 from Interstate-90/490 East in Cleveland, Ohio. Knotts was transporting a patient to MetroHealth Medical Center. At the time of the collision, Knotts was in the course and scope of his employment; however, the EMS vehicle was on a non-emergency run, moving with the flow of traffic without using the vehicle's lights or sirens. An accident had occurred on Interstate-71, and a police vehicle was blocking the right lane. A police officer was directing traffic to merge into the left lane. As Knott's EMS vehicle was merging with traffic, a collision occurred with a vehicle driven by McElroy.
 {¶ 4} Liability as to who caused the accident is in dispute. Knotts claims that he was already in the left lane when McElroy merged her vehicle into the right front fender of his EMS vehicle. McElroy claims that she was the next in line to merge into the left lane, and the accident occurred when Knotts attempted to pass her from behind as she was merging with traffic. It is undisputed by both parties that the right front of the EMS vehicle and the left rear of appellant's sport utility vehicle were damaged in the collision.
 {¶ 5} On January 11, 2002, Knotts filed a complaint against McElroy claiming she negligently operated her motor vehicle. On April 17, 2002, McElroy filed an answer and asserted a counterclaim alleging Knotts negligently operated his EMS vehicle. On September 16, 2002, Knotts filed a reply to the counterclaim, but failed to plead the defense of governmental immunity found in R.C. 2744.03, which would have been a complete defense to McElroy's counterclaim of negligence.
 {¶ 6} On December 13, 2002, Knotts filed a motion for leave to file an amended reply to McElroy's counterclaim, adding the defense of governmental immunity. On January 8, 2003, the trial court granted his motion to amend. Then, on February 12, 2003, Knotts filed a motion to dismiss McElroy's counterclaim. On February 24, 2003, McElroy filed a motion for leave to amend her counterclaim to include that Knotts' conduct was wanton and reckless, in effect, making her counterclaim an exception to the defense of governmental immunity. The trial court denied McElroy's motion.
 {¶ 7} A jury trial was set to commence on February 27, 2003[1]; however, on that date, the suit brought by Knotts against McElroy was settled and dismissed with prejudice. On March 3, 2003, the trial court granted Knotts' motion and dismissed McElroy's counterclaim. McElroy brings this timely appeal concerning the dismissal of her counterclaim.
 {¶ 8} The appellant presents the following three assignments of error for review:
 {¶ 9} "I. The trial court erred when it permitted the appellee to amend his answer to appellant's counterclaim since appellee waived his sovereign immunity defense when he failed to plead it in his original answer."
 {¶ 10} "II. The trial court erred when it precluded appellant from amending her counterclaim to include a claim that the appellee wantonly or recklessly operated his motor vehicle and caused a collision with appellant's motor vehicle."
 {¶ 11} "III. The trial court erred when it dismissed appellant's counterclaim since appellant had established an exception to appellee's sovereign immunity defense."
 {¶ 12} Assignments of error I and II will be addressed together because they are interrelated and share the same standard of review.
 {¶ 13} The appellant claims the trial court erred in granting the appellee leave to amend his reply to appellant's counterclaim to include a defense of governmental immunity. Appellant further argues the trial court erred when it denied leave to amend her own counterclaim to include an exception to the defense of governmental immunity, further alleging that the appellee acted beyond mere negligence by engaging in wanton or reckless conduct.
 {¶ 14} An appellate court reviews a trial court's decision on a motion for leave to file an amended pleading under an abuse of discretion standard. Wilmington Steel Products, Inc. v. Cleveland ElectricIlluminating Company (1991), 60 Ohio St.3d 120, 122.
 {¶ 15} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." Statev. Jenkins (1984), 15 Ohio St.3d 164, 222, quoting Spalding v. Spalding
(1959), 355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254.
 {¶ 16} Pursuant to Civ.R. 15(A), once an answer to a complaint is served, a party may amend his complaint only by leave of the court. The grant of leave to amend is within the court's discretion. Leave to amend in good faith shall be freely given when justice so requires and will set forth a claim upon which relief could be granted. Peterson v. Teodosio
(1973), 34 Ohio St.2d 161.
 {¶ 17} However, in Easterling v. Am. Olean Tile Co., Inc. (1991),75 Ohio App.3d 846, a similar case dealing with leave to amend a complaint because of governmental immunity, the plaintiffs attempted to amend their original complaint, which only alleged negligence, to include a claim of reckless or wanton acts by the defendant. The plaintiffs sought to amend their complaint only to avoid a grant of summary judgment in favor of the defendants. The court granted the motion for summary judgment and denied leave to amend the plaintiffs' original complaint. The court in Easterling pointed out that the Supreme Court of Ohio inWilmington, supra, cautioned against relying on Peterson, supra, when a motion to amend is not timely filed. The Easterling court held the proposed amended complaint was untimely since the information upon which the amended complaint was based was received five months previously, but the plaintiffs waited until the opposing party moved for summary judgment to amend their complaint.
 {¶ 18} "While there does not appear to be any set time limit beyond which a motion to amend would be deemed untimely, the Supreme Court has held that such motions filed eleven and seven days before trial are `patently' untimely." Wilmington, supra.
 {¶ 19} In the instant matter, the appellee filed a motion to amend his reply to include the defense of governmental immunity from the appellant's counterclaim on December 13, 2002. On December 23, 2002, the appellant filed a brief in opposition to the appellee's motion for leave to amend, but only claimed the defense of governmental immunity had been waived when not pleaded in the original answer. The appellant made no claim in her brief that granting the appellee's leave to amend would lead her to suffer undue delay or prejudice. It is well within the trial court's discretion to grant the appellee's motion to amend if it is made in good faith and deemed timely.
 {¶ 20} On February 12, 2003, the appellee filed a motion to dismiss appellant's counterclaim on the basis of governmental immunity. On February 24, 2003, one day before the start of trial, the appellant filed leave to amend her counterclaim to include that the appellee acted with reckless or wanton conduct, an exception to governmental immunity, in order to avoid dismissal of her counterclaim.
 {¶ 21} We hold the trial court's decision to allow Knotts to amend his reply to include the defense of governmental immunity, more than two months before trial, was not unreasonable, arbitrary, or unconscionable. We also find the trial court's decision to deny McElroy's motion to amend her counterclaim one day before trial to be proper because the motion was untimely and was not filed until the appellee moved to dismiss the counterclaim.
 {¶ 22} Finding that the trial court did not abuse its discretion in the first two assignments of error, we rule appellant's third assignment of error moot. The trial court did not abuse its discretion in disallowing the appellant to amend her complaint and properly dismissed her counterclaim as a matter of law on the grounds of governmental immunity.
Judgment affirmed.
Diane Karpinski, J., and John T. Patton*, J., Concur.
(*Sitting by assignment: Judge John T. Patton, retired, of the Eighth District Court of Appeals.)
[1] The jury trial in this matter was originally scheduled to begin on February 25, 2003.