OPINION
{¶ 1} Plaintiff-appellant Joyce Hoskinson appeals from the March 6, 2006, Judgment Entry of the Licking County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 12, 2005, appellant Joyce Hoskinson filed a complaint to quiet title and for other equitable relief against appellees Darrell and Valerie Lambert and against the Village of Buckeye Lake and Terry Evans, the Licking County Auditor. Appellant, in her complaint, alleged that appellees claimed to be the owners of a specified 0.028 acre tract of land, that appellees purchased such property aware that there was a defect in the title to the same, and that the subject property was, in fact, part of a dedicated street in the Village of Buckeye Lake. Appellant further alleged that appellees had denied access to her through such property. Appellant specifically requested, in part, that the subject property be designated as a duly dedicated street in the Village of Buckeye Lake, that appellees be permanently restrained from denying access to her, and that the tax maps of the area be changed to reflect that the property was part of the dedicated street.
 {¶ 3} On February 9, 2005, appellees filed an answer alleging that they were the fee simple owners of the subject property. Appellees also filed an "Amended Answer, Counterclaim, Cross Claim and Third Party Complaint to Quiet Title" on February 15, 2006, seeking an order from the court "finding that the 0.028 tract of land . . . be forever quieted and determined to be their property free and clear of any adverse claim and interest."
 {¶ 4} Thereafter, on March 31, 2005, appellees filed a Motion for Default Judgment against appellant and the Village of Buckeye Lake, alleging that they had failed to respond to appellees' counterclaim, crossclaim or third-party complaint. In response appellant, on April 4, 2005, filed a motion requesting leave to file an answer to appellees' counterclaim out of rule. Appellant, in her motion, indicated that the counterclaim was not docketed by her counsel's office and was overlooked, "whether by confusion resulting from the first Answer or simple neglect by the counsel or his staff."
 {¶ 5} As memorialized in a Judgment Entry filed on April 7, 2005, the trial court granted appellees' Motion for Default Judgment against appellant.
 {¶ 6} Following a status conference held on June 2, 2005, the trial court, pursuant to a Judgment Entry filed on June 7, 2005, set aside the default judgment against appellant and ordered appellant to respond to appellees' counterclaim, cross-claim and third-party complaint "forthwith." Subsequently, the trial court, via a Judgment Entry filed on August 25, 2005, stated, in relevant part, as follows: "Plaintiff [appellant] has yet to file a response as ordered over 60 days ago. Plaintiff [appellant] shall respond to Counterclaim, Cross-Claim and Third-Party Complaint as ordered in the June 7, 2005 entry as they requested forthwith, or Defendants [appellees] may renew their Motion for Default Judgment."
 {¶ 7} Thereafter, on August 26, 2005, appellant filed an answer to appellees' counterclaim. Appellant, in her answer, admitted that appellees were the fee simple owners of the subject property. Appellant further requested that appellees' counterclaim be dismissed.
 {¶ 8} On September 15, 2005, appellees filed a "Combined Motion for Judgment on the Pleadings and Summary Judgment" against appellant. Appellees, in their motion, stated, in relevant part, as follows:
 {¶ 9} "Paragraph 2 of the Plaintiffs Answer filed on August 26, 2005, clearly admits that the Lamberts [appellees] are the fee simple owners of the 0.028 acre tract. In fact, paragraph 2 of the Answer reads verbatim as follows:
 {¶ 10} "2. `Defendant Hoskinson admits Paragraphs Two, Three, Four, Five, Six, Seven, and Eight of the Counter Claim.' . . .
 {¶ 11} "Plaintiffs own admission that the Lamberts are the fee simple owners of the 0.028 acre tract resolves all doubt that the Lamberts are the true and legal owners of that real estate. Accordingly, the Lamberts respectfully submit that they are entitled to Judgment On The Pleadings pursuant to Ohio Rule of Civil Procedure 12(C) against Plaintiff and her successors and assigns and that title to the 0.028 acres be forever quieted in the Lamberts' favor."
 {¶ 12} In response, appellant, on October 12, 2005, filed a motion requesting leave to amend her answer to appellees' counterclaim, alleging that "[t]he Answer insofar as it admits Paragraph Two of the Complaint is clearly in error and in contrast to Plaintiff's own Complaint." Two days later, on October 14, 2005, appellant filed a response to appellees' Motion for Judgment on the Pleadings, stating as follows:
 {¶ 13} "The Motion for Judgment of the Pleadings should be denied. Although the Answer to the Counterclaim as filed by Plaintiff's counsel admits the Defendants Lambert's ownership of the property it is in error. However, the Complaint of the Plaintiffs, particularly paragraphs 2 and 3 thereof, question their ownership. Therefore, upon looking at all of the pleadings as a whole, the Complaint as well as the Answers, the Defendants Lambert's ownership of the property remains in question."
 {¶ 14} Pursuant to a Magistrate's Order filed on December 7, 2005, a Magistrate recommended that appellant's motion to amend her answer to appellees' counterclaim be denied since appellees' "counterclaim went without Reply for 192 days. The Reply eventually submitted by the Plaintiff only came after a Motion for Default and two specific Court Orders to tender said Reply forthwith had been added to the court file." On such basis, the Magistrate found that there would be undue delay if appellant's motion were granted. The Magistrate further recommended that appellees' Motion for Judgment on the Pleadings pursuant to Civ. R. 12(C) be granted since appellant, in her reply to appellees' counterclaim, admitted appellees' ownership of the subject property.
 {¶ 15} After appellant filed objections to the Magistrate's Order, the trial court, pursuant to a Judgment Entry filed on March 6, 2006, overruled appellant's objections and adopted the Magistrate's Order as the order of the court. The trial court, in its order, found that there was no just cause for delay.
 {¶ 16} Appellant now raises the following assignments of error on appeal:
 {¶ 17} "AS A MATTER OF LAW UNDER CIVIL RULE 12(C), THE TRIAL COURT ERRED IN GRANTING A MOTION FOR JUDGMENT ON THE PLEADINGS WHERE THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT AND THE ALLEGATIONS OF DEFENDANT'S COUNTERCLAIM EXPRESSLY CONFLICTED REGARDING OWNERSHIP RIGHTS RELATING TO A PARCEL OF REAL ESTATE.
 {¶ 18} "THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO ALLOW PLAINTIFF TO AMEND HER ANSWER UNDER CIVIL RULE 15(A) WHERE PLAINTIFF INADVERTENTLY ADMITTED AN ALLEGATION IN DEFENDANT'S COUNTERCLAIM REGARDING OWNERSHIP RIGHTS RELATING TO A PARCEL OF REAL ESTATE, EVEN THOUGH THAT ALLEGATION WAS ALREADY DISPUTED BY THE ALLEGATIONS CONTAINED IN PLAINTIFF'S OWN COMPLAINT."
 I {¶ 19} Appellant, in her first assignment of error, argues that the trial court erred in granting appellees' Motion for Judgment on the Pleadings pursuant to Civ. R. 12(C). We agree.
 {¶ 20} Motions for judgment on the pleadings are governed by Civ. R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to Civ. R. 12(C), "dismissal is [only] appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State ex rel. Midwest Pride IV, Inc. v. Pontious,75 Ohio St.3d 565, 570, 1996-Ohio-459, 664 N.E.2d 931. Civ. R. 12(C) permits consideration of the complaint and answer. Id. at 569. The very nature of a Civ. R. 12(C) motion is specifically designed for resolving solely questions of law. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 166,297 N.E.2d 113, 117. Reviewing courts will reverse a judgment on the pleadings if plaintiffs can prove any set of facts that would entitle them to relief. See, Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, 644 N.E.2d 731. The review will be done independent of the trial court's analysis to determine whether the moving party was entitled to judgment as a matter of law. Euvrad v. The ChristHospital (2001), 141 Ohio App.3d 572, 752 N.E.2d 326.
 {¶ 21} Construing the material allegations in appellant's complaint as true, we find that the trial court erred in granting appellees' Civ. R. 12(C) motion since it is not beyond doubt that appellant could prove no set of facts entitling her to relief. Appellant, in her complaint, specifically alleged as follows:
 {¶ 22} "2. Plaintiff says that Darrell G. Lambert and Valerie S. Lambert [appellees] are the owners of property at 4755 North Bank Road in the Village of Buckeye Lake, Licking County, Ohio and, more particularly, that they claim to be the owners of the following described property: . . .
 {¶ 23} "3. Plaintiff further says that the Defendants Lambert [appellees] purchased said property fully aware that there was a title defect, and that the property in question is part of a dedicated street of the Village of Buckeye Lake, to-wit Cottage Street.
 {¶ 24} "4. Plaintiff further says that the Defendants Lambert's predecessors in title attempted to acquire rights to the said property in Common Pleas Court Case Number 99 CV 00040GLF; however, the predecessors in title filed a Notice of Dismissal under Civil Rule 41(A) dismissing plaintiff and all other parties without prejudice. The predecessors in title then attempted to take a default judgment against the Village of Buckeye Lake, which is not permitted under Civil Rule 55(D) that mandates that a hearing take place and evidence be submitted.
 {¶ 25} "5. The Defendants Lambert [appellees] have denied access to the Plaintiff [appellant] through the area designated in Paragraph Two above, which remains a dedicated street in the Village of Buckeye Lake, and they continue to deny access to the present time."
 {¶ 26} In short, appellant, in her complaint, alleged that appellees did not have valid title to the subject property but that the same was part of a dedicated street.
 {¶ 27} In contrast, appellees, in their answer, asserted that they were the fee simple owners of the subject property and that their predecessors in title had valid title to the same.
 {¶ 28} Based on the foregoing, we find that, based on the face of the pleadings, material factual issues exist. We find, therefore, that the trial court erred in granting appellees' Motion for Judgment on the Pleadings pursuant to Civ. R. 12(C).
 {¶ 29} Appellant's first assignment of error is, therefore, sustained.
 II {¶ 30} Appellant, in her second assignment of error, contends that the trial court erred in refusing to allow appellant to amend her answer to appellees' counterclaim pursuant to Civ. R. 15(a). We agree.
 {¶ 31} Civ. R. 15(A) governs amendments to complaints and states as follows: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires.* * *"
 {¶ 32} Since "the language of Civ. R. 15(A) favors a liberal amendment policy[,] * * * a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 6, 465 N.E.2d 377. Prejudice to an opposing party is the most critical factor to be considered in determining whether to grant leave to amend. Frayer Seed,Inc. v. Century 21 Fertilizer Farm Chem., Inc. (1988),51 Ohio App.3d 158, 165, 555 N.E.2d 654. Timeliness of the request is another factor to consider, but delay, in itself, should not operate to preclude an amendment. Id.
 {¶ 33} Leave to file an amended complaint lies in the trial court's sound discretion. Easterling v. American Olean Tile Company, Inc.
(1991), 75 Ohio App.3d 846, 600 N.E.2d 1088. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 34} In the case sub judice, appellant filed a motion requesting leave to file an amended answer to appellees' counterclaim on the basis of mistake. Appellant, in her answer to the counterclaim, mistakenly admitted that appellees were the fee simple title owners of the subject property. In contrast, in her complaint, appellant alleged that appellees were not the fee simple owners, but rather than the subject property was a dedicated street.
 {¶ 35} We find that correction of appellant's mistake would not have caused undue delay or prejudice to appellees. Based on appellant's complaint, appellees clearly knew that appellant was challenging their claim to ownership of the subject property. Thus, appellees should not have been surprised by appellant's request to amend her answer to their counterclaim to reflect such challenge. We further note that appellant's motion to amend was filed less than one month after appellees filed their Motion for Judgment on the Pleadings. Such motion called appellant's attention to the error in her answer to appellees' counterclaim. While the trial court had every right to be outraged by appellant's repeated delay in this case, we find that the trial court abused its discretion in denying appellant's motion for leave to amend her answer to appellees' counterclaim. There was no evidence of bad faith, prejudice, or undue delay.[1]
 {¶ 36} Appellant's second assignment of error is, therefore, sustained.
 {¶ 37} Accordingly, the judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded for further proceedings.
By: Edwards, J., Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded for further proceedings. Costs assessed to appellees.
[1] See, for example, The Huntington National Bank v. Zarick (Dec. 12, 1986), Lucas App. L-85-402, 1986 WL 14274. In such case, after the trial court vacated a cognovit judgment against the appellant, the appellant filed an answer. The appellee then filed a motion for judgment on the pleadings which the trial court appeared to treat as a motion for summary judgment and granted. The appellant then filed motions to vacate the summary judgment and for leave to file an amended answer. After the trial court denied her motions, the appellant appealed.
On appeal, the Sixth District Court of Appeals noted that the trial court had granted the appellee's motion for judgment on the pleadings solely on the basis of an admission contained in the appellant's answer. The appellant, in her answer, had admitted the execution and delivery of the guaranty contract and that she had defaulted on payment. The Sixth District, in reversing the trial court, held that the trial court should have permitted appellant to file an amended answer. The Sixth District, in so ruling, held, in part, as follows: "The court in Peterson [v.Teodosio (1973), 34 Ohio St.3d 161] further stated that: "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ. R. 1(B) requires that the Civil Rules shall be applied `to effect just results.' Pleadings are simply an end to that objective. The mandate of Civ. R. 15(A) as to amendments requiring leave of court, is that leave `shall be freely given when justice so requires.' Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion." Id., 175. "Although in the present case it is not a complaint but an answer which appellant sought to amend, the above reasoning applies equally." Id at 2-3.