FRANK D. CELEBREZZE, JR., J., CONCURRING IN PART AND DISSENTING IN PART:
{¶ 153} I concur with the majority's resolution of Lemons's first assignment of error. I must respectfully dissent from the majority's conclusion that the trial court abused its discretion by denying Lemons's motion to amend his complaint.
{¶ 154} As the majority recognizes, we review the trial court's decision to grant or deny a motion to amend a pleading under Civ.R. 15 for an abuse of discretion. Cold Harbor Bldg. Co. v. Allied Restoration & Caulking , 8th Dist. Cuyahoga No. 102218, 2015-Ohio-2863, 2015 WL 4386615, ¶ 14, citing State ex rel. Askew v. Goldhart , 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996). An abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).
{¶ 155} The majority correctly recognizes that Civ.R. 15(A) directs courts to freely grant leave to amend a complaint when justice so requires. See Columbus Bar Assn. v. Dougherty , 99 Ohio St.3d 147, 2003-Ohio-2672, 789 N.E.2d 621, ¶ 15. However, " Civ.R. 15(B) allows untimely amendments, but only if the amendment will not substantially prejudice the opposing party ." (Emphasis added.) Whitmer v. Zochowski , 2016-Ohio-4764, 69 N.E.3d 17, ¶ 62 (10th Dist.).
{¶ 156} Lemons's original complaint was filed on February 3, 2015. He amended his complaint for the first time on March 10, 2015. The state filed its answer to Lemons's first amended complaint on April 2, 2015. Lemons sought to amend his complaint for a second time on November 12, 2015-nine months after he filed his original complaint, seven months after he amended his complaint the first time, and five days before the scheduled trial date.
{¶ 157} "An attempt to amend a complaint following the filing of a motion for summary judgment raises the spectre of prejudice." Johnson v. Norman Malone & Assocs., Inc. , 9th Dist. Summit No. 14142, 1989 WL 154763, *5 (Dec. 20, 1989). Accord Trustees of Ohio Carpenters' Pension Fund v. U.S. Bank Natl. Assn. , 189 Ohio App.3d 260, 2010-Ohio-911, 938 N.E.2d 61, ¶ 25 (8th Dist.).
"While there does not appear to be any set time limit beyond which a motion to amend would be deemed untimely, the Supreme Court has held that such motions filed eleven and seven days before trial are 'patently' untimely. Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co. , [60 Ohio St.3d 120, 123, 573 N.E.2d 622 (1991) ]. Furthermore, decisions by the appellate courts of this state tend to indicate that there is a certain stage in litigation beyond which it becomes increasingly difficult to find an abuse of discretion in the denial of a motion to amend. See, e.g., DiPaolo v. DeVictor , 51 Ohio App.3d 161, 170, 555 N.E.2d 969, 973 [ (1988) ] (no abuse of discretion when the proposed amendment is sought after trial has been set and nine months after the complaint was originally filed)[.]"
(Emphasis added.) Kulikowski v. St. Farm Mut. Auto. Ins. Co. , 8th Dist. Cuyahoga Nos. 80102 and 80103, 2002-Ohio-5460, 2002 WL 31260599, ¶ 86, quoting *899 Easterling v. Am. Olean Tile Co., Inc. , 75 Ohio App.3d 846, 851, 600 N.E.2d 1088 (4th Dist.1991).
{¶ 158} Considering the stage in the litigation at which Lemons sought to amend his complaint for the second time, I cannot say that the trial court abused its discretion in denying Lemons's motion for leave to amend his complaint. By the time Lemons moved to amend his complaint for a second time, Lemons had been deposed, subpoenas had been issued and served on the appropriate individuals, expert reports had been filed, dispositive motions-both for judgment on the pleadings and summary judgment-had been filed, and trial was set to begin within one week. Furthermore, Lemons did not merely reinstate the procedural error claim that he asserted in his original complaint. Lemons's procedural error claim was expanded upon and supplemented with new and detailed factual allegations. Allowing Lemons to amend his complaint to assert a procedural error claim at this stage in the litigation would have undoubtedly caused additional delay.
{¶ 159} For all of these reasons, I would find that Lemons's motion to amend his complaint for a second time was untimely and prejudicial. In my view, the trial court did not act unreasonably, arbitrarily, or unconscionably in denying Lemons's motion to amend his complaint. Accordingly, I would overrule Lemons's second assignment of error and affirm the trial court's judgment in its entirety.